### George E. BRAMLEY, Jr.

v.

### William H. WEBSTER, Director of the Federal Bureau of Investigation and Federal Bureau of Investigation.

### Civ. A. No. 79–889.

United States District Court,
E. D. Pennsylvania.

Sept. 13, 1979.

Alan E. Wolin, Mineola, N. Y., Alan J. Winderman, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of the defendants William H. Webster and the Federal Bureau of Investigation (collectively, "the FBI") to dismiss the complaint, pursuant to Fed.R.Civ.P. 12. For the reasons stated below, the motion will be granted.

Plaintiff George E. Bramley, Jr. ("Bramley"), a Special Agent employed by the FBI,

was transferred from a "Resident Agency" in Lansdale, Pennsylvania, to Division Headquarters in Philadelphia, allegedly in violation of FBI regulations. Bramley alleges that he incurred increased commuting costs, as well as a loss of professional prestige, and that, at least initially, he believed that the transfer was disciplinary in nature. However, he later learned that the Special Agent in Charge in Philadelphia had "merely desired to move agents." Complaint, ¶ 15. Bramley further alleges that the transfer was arbitrary and capricious and violated his right to due process and is, therefore, reviewable by this Court under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*

The FBI moves to dismiss the complaint on the grounds that: (1) the nondisciplinary transfer is a matter committed to agency discretion and, thus, is not reviewable under the APA; and, (2) Bramley's claim for relief on the basis of an alleged denial of due process fails to state a claim upon which relief can be granted.

■ The APA provides, in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

5 U.S.C. § 702. However, the right to judicial review is not available "to the extent that . . . [the] agency action is committed to agency discretion by law," *Id.*, at § 701(a), and the Supreme Court has repeatedly emphasized that the burden of proving nonreviewability is on the agency involved. *See Dunlop v. Bachowski*, 421 U.S. 560, 567, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Bramley contends that the exception to reviewability only applies when there is an express statutory statement vesting the agency with such discretion. While the APA does speak of matters committed to discretion "by law," the Court notes that it is not often that an explicit statement will be found. Accordingly, a more functional approach is to be employed.

This issue was analyzed in a similar context by the Third Circuit Court of Appeals in *Local 2855 v. United States*, 602 F.2d 574 (3d Cir. 1979). The court noted that "only upon a showing of 'clear and convincing' evidence of a contrary legislative intent should the courts restrict access to judicial review." *Id.*, at 578, *quoting Abbott Laboratories, supra*, 387 U.S. at 141, 87 S.Ct. 1507. However, with regard to cases in which there is no explicit legislative statement, the court held that:

> . . . in the absence of a specific statutory preclusion of review, agency action may be determined to be "committed to agency discretion by law" only when a fair appraisal of the entire legislative scheme, including a weighing of the practical and policy implications of reviewability, persuasively indicates that judicial review should be circumscribed.

*Local 2855 v. United States, supra*, at 578. The court then suggested several criteria which bear upon the reviewability of agency decisions: (1) the broad discretion given an agency in a particular area of operation, *Id.*; (2) the extent to which the challenged action is the product of political, economic or managerial choices that are inherently not subject to judicial review, *Id.*, at 579; and, (3) the extent to which the challenged agency action is based upon some special knowledge or expertise. *Id.*, at 579–580. Examining these factors in the context of Bramley's nondisciplinary transfer, this Court finds that it is not reviewable.

The Attorney General is empowered to establish regulations for the conduct of employees and the allocation of agency business, 5 U.S.C. § 301, and the regulations state that:

> . . . the Director of the Federal Bureau of Investigation is authorized to exercise the power and authority vested in the Attorney General by law to take final action in matters pertaining to the employment, direction, and general administration (including appointment, assignment, training, promotion, demotion, compensation, leave, classification, and

separation) of personnel, including personnel in wage board positions, in the Federal Bureau of Investigation. 28 C.F.R. § 0.137. In addition, the Court notes that the decision to transfer an employee is one necessarily ill-adapted to judicial review for several reasons. First, such a decision must rest upon complex considerations of agency needs and work allocations, as well as upon the abilities, experience and personal characteristics of the employee. The proper resolution of such numerous complex factors is not likely in the adversary context of judicial review.

Second, the resolution of such personnel matters necessarily involves much managerial expertise in the context of modern law enforcement. A court of law would not be the proper place to examine that resolution anew.

Third, due to the myriad of minor personnel decisions rendered by agencies each year, the Court is loath to place the burden of relitigating these decisions on the agencies. *See Gnotta v. United States*, 415 F.2d 1271, 1276 (8th Cir. 1969), *cert. denied*, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). Thus, balancing the need for review with the burden that it would place on the agency involved, the Court holds that the FBI's decision to transfer Bramley is committed to agency discretion and, thus, is not judicially reviewable under the APA. *Kletschka v. Driver*, 411 F.2d 436, 443 (2d Cir. 1969).

In order to succeed on his due process claim, Bramley must show that he has a cognizable property or liberty interest in remaining at the Lansdale office. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In the context of this nondisciplinary transfer, the Court cannot find a basis to support Bramley's contention. He alleges that his transfer was in violation of an internal FBI regulation which requires the consent of FBI Headquarters in Washington, D. C., for any interoffice transfers of Special Agents.[1]

However, it is clear that the regulation does not provide for any review of a decision on behalf of a transferred Agent. Similarly, there is no remedy for a failure to comply with the regulation. Accordingly, the Court finds that the sole purpose of the regulation is to provide FBI Headquarters with some control over manpower allocation. The Court, therefore, holds that Bramley has no property or liberty interest in remaining in Lansdale. Accordingly, the complaint will be dismissed. An appropriate Order will be entered.

---

1. See Manual of Administrative Operations and Procedures, Part II, Section I, p. 256 (3.2), (3.3). In addition, the Court notes that the defendants contend that such permission was indeed given by FBI Headquarters.