Salvatore J. GRASSO, Petitioner,

v.

INTERNAL REVENUE SERVICE, Respondent.

No. 80–2169.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 21, 1981.

Decided Aug. 26, 1981.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Megan Yearout, Atty., I. R. S., Chicago, Ill., for appellee.

Edward R. Joyce, St. Louis, Mo., for appellant.

Before GIBSON, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Salvatore Grasso appeals the decision of the Merit Systems Protection Board that it lacked jurisdiction to review a decision by the Internal Revenue Service regarding his reassignment from the position of Criminal Investigator GS–7 to the position of Internal Revenue Agent GS–7.

The reassignment was the result of a November 1978 incident involving Grasso and a parking lot attendant during which Grasso allegedly misused his credentials as a federal agent and improperly displayed a firearm. The matter was investigated by IRS officials and Grasso was suspended for five days for misusing his credentials in violation of IRS regulations. He was reassigned to the position of IRS agent because agency officials felt that due to the nature of the incident his future effectiveness as a criminal investigator could be impaired. Grasso contested the assignment which, although found to be unwarranted by an IRS grievance examiner, was upheld by the agency. In its decision denying review the Merit Systems Protection Board stated that this was not a reduction in pay under 5 U.S.C. § 7512, since the applicable definition of base pay does not encompass retirement benefits and that review was not available under 5 U.S.C. § 8347(d).

On appeal Grasso argues that: 1) the reassignment which resulted in the loss of the 20-year retirement benefit provided law enforcement officials (under 5 U.S.C. § 8336 Grasso, as a criminal investigator, would be eligible for immediate retirement upon completion of 20 years of service) and the accompanying one percent reduction in allowable retirement deductions constitutes a reduction in pay and is appealable to the board under 5 U.S.C. § 7512; and 2) that the reassignment resulted in the delay of a promotion in pay grade from July 5, 1979, to September 9, 1979, and could be considered a denial of a pay increase under section 7512.

■ The scope of judicial review of decisions by the Merit Systems Protection Board is limited to ensuring that required procedures have been followed and that the action taken was not arbitrary or capricious. *Hurley v. United States,* 575 F.2d 792, 793 (10th Cir. 1978); *Wroblaski v. Hampton,* 528 F.2d 852, 853 (7th Cir. 1976). This test requires only that the agency decision have a rational basis in the law. *Hurley v. United States, supra,* 575 F.2d at 794; *Wroblaski v. Hampton, supra,* 528 F.2d at 853.

■ Pay, for purposes of the Veterans' Preference Act, is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). Neither the Act nor its legislative history include any mention of retirement or fringe benefits in relation to pay. While the retirement benefit issue has not been specifically addressed by the courts, another fringe benefit has. In *Spinks v. United States Postal Service,* 621 F.2d 987 (9th Cir. 1980) the court held that basic pay did not include a pay differential provided to employees working the night shift and that the loss of such pay by an employee who was reassigned to a day shift did not constitute a reduction in pay for purposes of section 7512. *See also Triponi v. United States,* 633 F.2d 933 (Ct.Cl.1980).

There is also evidence that Congress intended section 7512 to be given a narrow construction in the Civil Service Reform Act of 1978. There it eliminated reduction in rank as an appealable action and nar-

rowed the definition of reduction in pay to only those reductions exceeding three percent of an employee's basic pay. S.Rep.No. 95–969, 95th Cong., 2d Sess. 49, *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2771.

While the loss of the 20-year retirement eligibility benefit does seem a significant one, there is nothing in the case law or legislative history to suggest that it must be construed as a reduction in pay under section 7512. The decision of the Merit Systems Protection Board on this point is not without rational basis and should be affirmed. Grasso's argument that the delay in his pay grade promotion from July to September is an adverse action under section 7512 is without substance. Delays of promotions, as such, are clearly not within the scope of section 7512.

Accordingly the decision of the Merit Systems Protection Board is hereby affirmed.