535 F.Supp. 309 (1982)
Salvatore J. GRASSO, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.
No. 81-563 C (2).
United States District Court, E. D. Missouri, E. D.
March 31, 1982.
*310 Francis L. Ruppert, Ruppert, Westhus & Benjamin, Terrance L. Farris, Clayton, Mo., for plaintiff.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the defendants request summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.
The incident giving rise to this cause of action occurred on November 17, 1978. At this time, plaintiff was employed by the Internal Revenue Service as a Criminal Investigator. On this date, the plaintiff was accused of displaying his firearm and official credentials in an unauthorized fashion. As a result, the agency instituted proceedings against the plaintiff resulting in his suspension and reassignment to the position of Internal Revenue Agent. This reassignment resulted in the loss of a twenty year retirement benefit provided to law enforcement officials in 5 U.S.C. § 8336.
In his complaint, the plaintiff alleges that the grievance procedures conducted by the Internal Revenue Service and the resulting reassignment give rise to a cause of action cognizable under the Constitution and the laws of the United States. In Count 1 of his complaint, plaintiff claims that the Internal Revenue Service violated several of its internal rules embodied in Sections 126(2), 134(2), and 144(11)(C) of the Internal Revenue Manual Grievance Handbook when the agency conducted its investigation of plaintiff's activities. Plaintiff contends that the initial investigation by defendant Voskuil was not based upon substantial evidence. In addition, after the grievance examiner determined that the initial decision was not supported by substantial evidence, defendant Trainor refused to void the reassignment and failed to contain specific objections to the determination of the grievance examiner in his decision. Finally, the plaintiff asserts that the Internal Revenue Service failed to follow its own guidelines by making a final decision in which there *311 were no specific written findings. Plaintiff appealed the decision of defendant D'Amato to the Merit Systems Protection Board which declined to exercise its jurisdiction or review plaintiff's case.
In Count II of the complaint, plaintiff alleges that the Internal Revenue Service violated plaintiff's due process rights, embodied in the Fifth Amendment of the Constitution, when the agency wrongfully reassigned him to the position of Internal Revenue Agent. Plaintiff asserts that he had a reasonable expectation in the continuation of his career as a law enforcement officer. Therefore, plaintiff concludes that the failure of the agency to base its decision on substantial evidence or to provide him with specific written findings constitutes a violation of his Fifth Amendment due process rights. Plaintiff requests this Court to enjoin defendants from reassigning him, to expunge all references to his reassignment from his personnel file, and finally to restore any benefits or wages that plaintiff may have lost during the course of these proceedings.
In response to this complaint, defendants contend that this Court lacks the requisite subject matter jurisdiction to determine the validity of plaintiff's claims and that the complaint fails to state a cause of action upon which relief can be granted. Defendants argue that plaintiff does not have jurisdiction under 28 U.S.C. §§ 1331 and 1361 or 5 U.S.C. § 704. Therefore defendants ask this Court to grant its motion for dismissal or in the alternative for summary judgment.
In its motion, it is the defendants' first contention that the decision of the Eighth Circuit in Grasso v. Internal Revenue Service, 657 F.2d 224 (8th Cir. 1981) disposes of the issues before this Court, presented by plaintiff's complaint. In its opinion the Eighth Circuit upheld the decision of the Merit Systems Protection Board not to exercise jurisdiction over plaintiff's claim. The Board determined that it did not have the necessary jurisdiction to review plaintiff's reassignment because plaintiff's transfer did not entail a reduction in pay under 5 U.S.C. § 7512. The Eighth Circuit concluded that the Board's decision was not without rational basis and therefore should be affirmed.[1]
It is the contention of the defendants in this motion that the holding of the Eighth Circuit that plaintiff was precluded from appealing to the board, is controlling, because only those adverse employment decisions which are appealable to the Merit Systems Protection Board and result in a board order or decision are subject to judicial review. In its motion, defendants assert that this Court lacks the necessary subject matter jurisdiction to determine this matter because Congress intended to preclude judicial review of employment decisions not found in 5 U.S.C. § 7512 when it enacted the Civil Service Reform Act.
It is well settled that a court is obligated to exercise jurisdiction over a suit brought pursuant to the Constitution or laws of the United States unless the alleged claim is made "solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Therefore, jurisdiction exists under 28 U.S.C. § 1331 because the plaintiff alleges federal claims that are not patently frivolous. The federal claims arise under the Administrative *312 Procedure Act and the Constitution. In addition, the plaintiff invokes the jurisdiction of this court pursuant to the Mandamus Act, 28 U.S.C. § 1361, which requires the existence of a federal question, and therefore does not provide an independent basis of jurisdiction. Therefore, the contention of the defendants that this court lacks the requisite subject matter jurisdiction to consider plaintiff's cause of action must be rejected. However, the question whether the complaint states a cause of action under the Constitution or the Administrative Procedure Act presents an issue of law, which must be decided by this court, after the assumption of jurisdiction.
The Administrative Procedure Act provides for judicial review of agency action which is reviewable by statute and which is final, 5 U.S.C. § 704, except to the extent that a statute "precludes judicial review" or the action of the agency "is committed to agency discretion by law." 5 U.S.C. § 701. As a rule, courts should restrict access to judicial review only if there is clear and convincing evidence that Congress intended this result. Dunlop v. Bachowski, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The Supreme Court has held that the mere fact that a statutory scheme calls for the exercise of judicial review of certain acts does not support the implication that other acts are excluded from judicial review. Abbott Laboratories v. Gardner, supra. Nonetheless, a number of courts have held that the reassignment of a civil service agent to a different position or location is not subject to judicial review. Bullard v. Webster, 623 F.2d 1042 (5th Cir. 1980); Spinks v. United Postal Service, 621 F.2d 987 (9th Cir. 1980); Kletschka v. Driver, 411 F.2d 436 (2d Cir. 1969); Coyne v. Boyett, 490 F.Supp. 292 (S.D.N.Y. 1980); Bramley v. Webster, 476 F.Supp. 351 (E.D.Pa.1979). However, the basis for these holdings is the conclusion that the decision to transfer an employee is committed solely to agency discretion. Acts that are solely within the discretion of an agency are not reviewable by the courts under the Administrative Procedure Act, 5 U.S.C. § 704. Applying this reasoning to the facts of this case, it must be concluded that the decision of the Internal Revenue Service to transfer the plaintiff was an action committed to agency discretion. Therefore review for arbitrariness is precluded pursuant to 5 U.S.C. § 701 and plaintiff's complaint fails to state a claim under the Administrative Procedure Act.
The remaining issue to be resolved is whether the complaint states a claim upon which relief may be granted under the Constitution of the United States. In Count II, the plaintiff alleges that he had a reasonable expectation in the continuation of his career as a law enforcement official. Therefore, the plaintiff alleges that the Internal Revenue Service violated the due process clause by failing to base its decision to transfer him on substantial evidence. In light of the statutory scheme adopted by Congress when it enacted the Civil Service Reform Act, this court must conclude that plaintiff has no claim because he lacks a liberty or property interest protected by the due process clause.
Under the statutory scheme of the Civil Service Reform Act, an employee gains the right to appeal certain adverse employment decisions to the Merit Protection Board. 5 U.S.C. § 7701. However, only certain agency actions give rise to a right of appeal. Section 7512 sets forth the only actions which call for this right of appeal. The actions include: a removal, a suspension for more than fourteen days, a reduction in grade or pay; and a furlough of thirty days or less. Pursuant to 5 U.S.C. § 7513, the acts over which the Merit Systems Protection Board has jurisdiction are the same as the acts that an agency may take only "for cause." Section 7513 provides explicitly that "an agency may take an action covered by this subchapter against an employee only for such cause as will promote the efficiency of the service." By determining that a loss of retirement benefits did not constitute a reduction in pay and that the Merit Systems Protection Board did not *313 have jurisdiction to consider plaintiff's transfer, the Eighth Court opinion establishes, therefore, that the Internal Revenue Service had unfettered discretion to transfer the plaintiff for any reason whatsoever. Grasso v. Internal Revenue Service, 657 F.2d 224 (8th Cir. 1981). Plaintiff is collaterally estopped from contesting this proposition. The civil service statutes do not give the plaintiff any legitimate "claim of entitlement," Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). If the Internal Revenue Service were permitted to transfer the plaintiff only "for cause" due process would be implicated. Arnett v. Kennedy, 416 U.S. 134, 151, 94 S.Ct. 1633, 1642, 40 L.Ed.2d 15 (1977).[2] But here, since a job transfer, unlike a firing, may be accomplished for any reason at all, due process is not implicated. Bishop v. Wood, supra.
In principle, a party may base a due process claim on grounds other than statutory entitlement, but no such grounds appear here. The Internal Revenue Service regulations the plaintiff cites are purely procedural so they do not create a property interest protected by the due process clause.[3] The loss plaintiff suffered is not intrinsically a "liberty" interest as that concept has been defined by the Supreme Court. Roth v. Board of Regents of State Colleges, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Finally, the conclusory allegation that the plaintiff has a "reasonable expectation" in the continuation of his career as a law enforcement officer is insufficient. Id. The mere fact that the plaintiff enjoys civil service protection against major sanctions simply does not entitle him to due process protection against these sanctions.
It is the conclusion of this court that plaintiff's interest is not a liberty or property interest protected by the Constitution. Therefore, plaintiff's complaint fails to state a claim under the Administrative Procedure Act or the Constitution. In light of the fact that it has been unnecessary to consider matters outside of the pleadings in order to come to this conclusion defendants' motion shall be construed as a motion to dismiss.
Accordingly, the motion of the defendants to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted shall be sustained.
NOTES
[1] Congress enacted the Civil Service Reform Act in 1948. Section 7701 of the Act permits a civil service employee to appeal certain adverse employment decisions to the Merit Systems Protection Board. However 5 U.S.C. § 7512 sets forth the only actions against employees that will give rise to a right of appeal to the Board. The actions include: a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less. Section 7703 of the Act then allows an employee to obtain judicial review of a "final order or decision of the Merit Systems Protection Board" by filing an appeal with a United States Court of Appeals. The decision of the Eighth Circuit was limited to the determination that the Merit Systems Protection Board was correct as a matter of law in its conclusion that the loss of the retirement benefits did not constitute a reduction in pay and therefore it did not have the power to exercise jurisdiction over plaintiff's claim.
[2] In Arnett v. Kennedy, the Supreme Court held that the appellee did have a statutory expectancy that he would not be removed other than for such cause that would promote the efficiency of the Service. The Court therefore concluded that the due process considerations were implicated. However, Arnett v. Kennedy involved a discharge and not a transfer to another position. 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15.
[3] There is a diversity of views over whether an agency's violations of its own regulations infringes due process, Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1956), or merely calls for the application of the abuse of discretion standard, United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978); Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). However, under either view the above analysis disposes of plaintiff's claims.