Jerry L. BARNETT, et al., Plaintiffs,

v.

William H. WEBSTER, et al., Defendants.

Civ. A. No. 82–1875.

United States District Court, District of Columbia.

March 31, 1983.

Joseph Gebhardt, Sherille Ismail, Jack B. Solerwitz, Washington, D.C., for plaintiffs.

Theodore M. Grossman, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, District Judge.

Plaintiffs in this action are Special Agents or former Special Agents of the Federal Bureau of Investigation (FBI) who have allegedly been damaged by the FBI's decision to transfer certain experienced Special Agents. Plaintiffs challenge the FBI's ability to transfer Agents in violation of alleged oral promises made during recruitment. The case is now before the Court on plaintiffs' motion for a preliminary injunction and defendants' motion for summary judgment.

In December of 1981, the FBI announced that a critical need for experienced Agents in the top twelve field offices necessitated the transfer of many Special Agents then assigned to small- or medium-sized offices. All Special Agents, including plaintiffs, agreed in writing at the time they were hired and annually thereafter, that they would be available for transfer to fill the needs of the FBI. Plaintiffs contend, however, that their transfers violate oral promises made by FBI recruiters that they would not be transferred against their will except in extraordinary circumstances when their special skills were needed in another office. Accordingly, plaintiffs allege that the Special Agent transfers are arbitrary, capricious, and otherwise unlawful, and also violate due process rights.

The Court finds that plaintiffs' claims are completely without merit. It is well established that FBI decisions concerning the transfer of Agents among FBI of-

fices are not subject to judicial review. *See Bullard v. Webster, et al.*, 623 F.2d 1042 (5th Cir.1980) cert. den. 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1980); *Bramley v. Webster, et al.*, 476 F.Supp. 351 (E.D.Pa. 1979). In addition, plaintiffs are precluded from asserting any constitutionally protected property interest in remaining in a particular office due to their signed consent to be available for transfer. *Bullard v. Webster*, 623 F.2d at 1047. Finally, the basis for the FBI's decision to transfer certain Special Agents is the Bureau's need for more experienced Agents in its largest offices. Since the alleged oral promises received by plaintiffs indicated that they could be transferred if their special skills were needed elsewhere, even those oral promises do not appear to have been violated.

For these reasons, plaintiffs have not met the standards imposed by *Virginia Petroleum Jobbers Association v. FPC*, 259 F.2d 921 (D.C.Cir.1958), and plaintiffs' motion for preliminary injunction is denied. In addition, the Court finds no disputed issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is granted, and the amended complaint is dismissed.

An appropriate Order follows.