**David M. THOMAS, Petitioner,**

v.

**The UNITED STATES, Respondent.**

**No. 83–558.**

United States Court of Appeals,
Federal Circuit.

June 1, 1983.

David M. Thomas, pro se.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Donnie Hoover and Lynn Bush Ferguson, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, BENNETT, Circuit Judge, and COWEN, Senior Circuit Judge.

MARKEY, Chief Judge.

The Merit Systems Protection Board's (MSPB) decision dismissing Thomas' appeal for lack of jurisdiction is *affirmed.*

## BACKGROUND

On October 2, 1981, Thomas, an employee of the National Aeronautics and Space Administration at Lewis Research Center (agency), was notified of his reassignment from his position as Supervisory Contract Specialist (GS 13, step 4) to the position of Contract Specialist (GS 13, step 4).

Thomas filed an appeal with the MSPB on October 27, 1981. During a February 8, 1982 hearing, Thomas alleged that a Reduction in Force (RIF) had occurred. To support that allegation, Thomas asserted that: the Science and Technology Branch of the Acquisition Division in which Thomas worked was abolished; the Branch was reduced to a Section; Thomas was bumped into a newly created position which did not exist before the RIF; although Thomas was told his position was abolished, another employee was bumped, downgraded and assumed a position indistinguishable from Thomas'; the Chief of the Division stated on two occasions that Thomas was involved in a RIF; the Branch Chief left the agency

and is receiving severance pay; and that certain employees not in Thomas' branch retired early. Because, says Thomas, a RIF occurred and RIF procedures were not followed, he was denied his rights as a preference eligible veteran.[1]

The presiding officer: determined that Thomas was simply reassigned to a vacant position of like grade and pay (lateral transfer); cited *Brunjes v. Dept. of the Army*, MSPB Order No. ATO35199002 (June 2, 1980) for the proposition that when an employee is laterally transferred and no displacement is required, an agency need not follow RIF procedures; and dismissed the appeal for lack of jurisdiction.

Thomas filed a petition for rehearing which was denied on August 26, 1982. Five days later, the initial decision became final. On October 1, 1982, Thomas filed a petition for judicial review of the MSPB decision.

## ISSUE

Does the MSPB have jurisdiction to review a lateral transfer to a vacant position?

## OPINION

The MSPB has only that jurisdiction conferred on it by Congress. "An employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a) (Supp. V 1981). That jurisdiction is further defined in 5 C.F.R. § 1201.3(a) (1983).[2]

■ Thomas says he was transferred from a merit pay position to a general schedule position, that he was moved from a retention register with at least three non-veterans to a register with only one person who had greater tenure than himself, and that he was therefore more vulnerable in the event of a future RIF. However, assuming the truth of those allegations, they result from a lateral transfer and not from a type of agency action, e.g., removal, reduction-in-grade, etc., within the jurisdiction of the MSPB as specified in 5 C.F.R. § 1201.3(a), note 2, *supra*. *See Grasso v. Internal Revenue Service*, 657 F.2d 224 (8th Cir.1981); *Lund v. Dept. of State*, MSPB Docket No. DC075299001 (Feb. 6, 1980).

■ Thomas correctly says the MSPB has jurisdiction to consider the failure of an agency to follow RIF procedures when a RIF has occurred, citing the agency's failure here to consider his preference eligibili-

1. 5 U.S.C. § 2108(1)(B) and (3)(B) provide:
    For the purposes of this title—
    (1) "veteran" means an individual who—
    * * * * * *
    (B) served on active duty as defined by section 101(21) of title 38 at any time in the armed forces for a period of more than 180 consecutive days any part of which occurred after January 31, 1955, and before the date of enactment of the Veterans' Education and Employment Assistance Act of 1976, not including service under section 511(d) of title 10 pursuant to an enlistment in the Army National Guard or the Air National Guard or as a Reserve for service in the Army Reserve, Naval Reserve, Air Force Reserve, Marine Corps Reserve, or Coast Guard Reserve;
    and who has been separated from the armed forces under honorable conditions;
    * * * * * *
    (3) "preference eligible" means—
    * * * * * *
    (B) a veteran as defined by paragraph (1)(B) of this section;

2. 5 C.F.R. § 1201.3(a) provides:
    *Appellate jurisdiction generally.*
    The Board has appellate jurisdiction over cases specified in the Act where there have been prior actions within an agency. This includes certain decisions of the Office of Personnel Management relating to retirement and insurance benefits. This appellate jurisdiction includes:
    (1) Removal or reduction-in-grade of competitive or preference eligible employees;
    (2) Denial of within-grade step increases;
    (3) Actions based upon removal, suspension for more than 14 days, reduction-in-grade or pay, or furlough for 30 days or less;
    (4) Certain actions relating to the Senior Executive Service;
    (5) Actions otherwise appealable to the Board involving an allegation of discrimination;
    (6) Determinations relating to disability retirement, health insurance and annuities;
    (7) Actions involving reinstatement of preference eligibles; and
    (8) Those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management (OPM).

ty in determining his retention standing. Thomas relies on 5 C.F.R. § 351.901 (1983) [3] as providing the necessary authority for the MSPB to review his case under 5 C.F.R. § 1201.3(a)(8), note 2, *supra.*

An agency must comply with the RIF procedures whenever an employee is released "by separation, demotion, furlough for more than 30 days, or *reassignment requiring displacement.*" 5 C.F.R. § 351.-201(a) (1983) (emphasis added).[4] Because he was reassigned to a vacant position and no displacement was required, Thomas simply does not qualify as a released employee, *see Brunjes, supra; Hayes v. NASA,* MSPB Docket No. AT035199055 (July 23, 1980), and none of the RIF procedures applies,

3. 5 C.F.R. § 351.901 provides:

An employee who has been affected by a reduction in force and who believes this part has not been correctly applied may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.

4. 5 C.F.R. § 351.201(a) provides:

Each agency shall follow this part when it releases a competing employee from his/her

including 5 C.F.R. § 351.901. The MSPB has no jurisdiction to review a failure to follow non-applicable RIF procedures.

No statute, rule, or regulation has been cited, and we are aware of none, that would provide MSPB with jurisdiction to review Thomas' lateral transfer to a vacant position. Accordingly, the decision of the MSPB is *affirmed.*

competitive level by separation demotion, furlough for more than 30 days, or reassignment requiring displacement, when the release is required because of lack of work, shortage of funds, reorganization, reclassification due to change in duties, or the exercise of reemployment rights or restoration rights.