5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Irwin MORGENTHAL, Petitioner,
v.
DEFENSE CONTRACT AUDIT AGENCY, NORTHEAST REGION, Respondent.
 No. 93-3103.
 United States Court of Appeals, Federal Circuit.
 Aug. 26, 1993.
 
 Before NEWMAN, ARCHER, and MICHEL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Irwin Morgenthal appeals from an arbitration award* finding that the Defense Contract Audit Agency (DCAA) did not violate the parties' collective bargaining agreement when it reassigned Morgenthal from an office in Hauppauge, New York, to an office in New York, New York, and denying Morgenthal's grievance. We dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 2
 A. Morgenthal was an employee of the DCAA in its Hauppauge, New York, branch office where he audited government contractors. After an anonymous caller alleged impropriety by Morgenthal, the DCAA conducted an investigation and concluded that Morgenthal had improperly solicited employment for his son from four contractors in Suffolk County, New York, over whom Morgenthal had audit cognizance; that Morgenthal's son was working during his summer vacation from school for one of these contractors while Morgenthal was auditing the contractor; and that Morgenthal failed to disclose this information to his supervisors. The DCAA charged Morgenthal with four instances of violating DCAA Standards of Conduct 5500.2, comprising the three instances above and one instance of making false statements during the DCAA investigation.
 
 
 3
 On February 3, 1992, the DCAA proposed suspending Morgenthal for 30 days, and "permanently disqualifying" him from any future audits of the four solicited contractors. On March 13, 1992, the DCAA issued a final decision suspending Morgenthal for 30 days. Also that day, the DCAA proposed reassigning Morgenthal to the New York branch office in lieu of permanent disqualification.
 
 
 4
 On March 20, 1992, Morgenthal's union representative requested a 30-day extension to grieve the suspension decision under the collective bargaining agreement. This request was denied. On March 30, 1992, Morgenthal filed a grievance of the denial of the extension, requesting as a remedy that his suspension be rescinded with back-pay and that the suspension be expunged from his personnel records. This grievance too was denied. Morgenthal then submitted a request for arbitration of the suspension, but prior to arbitration withdrew the request.
 
 
 5
 On April 10, 1992, the DCAA issued a final decision reassigning Morgenthal. On April 28, Morgenthal filed a grievance of the reassignment. After the DCAA denied this grievance, Morgenthal requested arbitration.
 
 
 6
 After hearing evidence and arguments, the arbitrator "conclude[d] that the question of Mr. Morgenthal's 30-day suspension [wa]s not properly before the Arbitrator." Op. of Arb. at 26. Consequently, the arbitrator addressed the question whether the reassignment complied with Article XIX, Section 3C, of the collective bargaining agreement, which permitted discretionary reassignments "based on a need to accomplish a bona fide mission objective which is specified in writing." The arbitrator went on to find that the DCAA was in compliance. Morgenthal appeals from this decision.
 
 
 7
 B. "[A]rbitral decisions [are] subject to judicial review 'in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board.' " Cornelius v. Nutt, 472 U.S. 648, 661 n. 16 (1985) (quoting 5 U.S.C. Sec. 7121(f)); Brook v. Corrado, No. 92-3381, slip op. at 3 (Fed.Cir. July 9, 1993). As a result, this court has jurisdiction over an appeal from an arbitrator's decision to the extent the decision concerns agency action over which the Merit Systems Protection Board (MSPB) would have had jurisdiction.
 
 
 8
 A reassignment to another position at the same grade and pay is not agency action within the jurisdiction of the MSPB. Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983). In this case it is undisputed that Morgenthal withdrew his request for arbitration of the 30-day suspension, and the arbitrator expressly found that the suspension action of the agency was not an issue in arbitration. The arbitrator considered on the merits only whether the reassignment complied with the collective bargaining agreement. The parties agree that this court is bound by the arbitrator's decisions as to what was arbitrated under the collective bargaining agreement and whether the collective bargaining agreement was complied with. See 5 U.S.C. Sec. 7123(a)(1) (1988) (review of such decisions lies exclusively with the Federal Labor Relations Authority).
 
 
 9
 Therefore, because, as the arbitrator found, only the reassignment was arbitrated, and the MSPB would not have jurisdiction over such agency action, this court lacks jurisdiction to review the decision of the arbitrator in this case. The appeal is dismissed.
 
 
 
 *
 Federal Mediation and Conciliation Service No. 92-19788, (Nov. 19, 1992)