11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William D. LYNCH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3193.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1993.
 
 Before MICHEL, LOURIE and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Petitioner William D. Lynch seeks review of a final decision of the Merit Systems Protection Board (MSPB or Board), Lynch v. Federal Deposit Insurance Corporation, No. DE-3443920462-I-1. The MSPB administrative judge dismissed Lynch's appeal for lack of jurisdiction. The decision became final when the Board denied Lynch's petition for review. We affirm.
 
 DISCUSSION
 
 2
 Pursuant to 5 U.S.C. Sec. 7703(c), we must affirm the decision of the Board unless we find it (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following the procedures set forth in law, rule, or regulation; or (3) not supported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hathaway v. Merit Sys. Protection Bd., 981 F.2d 1237, 1240 (Fed.Cir.1992). The court should not consider whether it would agree with the Board's fact findings were it to review the case de novo. Id.
 
 
 3
 On appeal, Lynch contends that the administrative judge erred in concluding that the Board did not have jurisdiction over the Resolution Trust Corporation's (RTC or agency) suspension of Lynch. Pursuant to 5 U.S.C. Secs. 7501, 7511, 7512(2), 7513(d), 7701 and 5 C.F.R. Sec. 1201.3(a)(2) (1993), the Board has appellate jurisdiction over agency suspension actions of more than 14 days. In dispute is the duration of petitioner's suspension. Lynch contends that he was suspended for 17 days, from August 7, 1992, through August 23, 1992. The MSPB argues that petitioner's suspension extended from August 7 through August 20, for a total of 14 days.
 
 
 4
 There exists more than substantial evidence in the record to support the administrative judge's conclusion that the agency suspended petitioner for only 14 days. The amended proposal to suspend petitioner, the letter effecting the suspension and the SF-52 form memorializing the suspension all clearly indicate the action taken as a 14-day suspension. That the agency informed petitioner to report to his new duty on August 24, 1992, has nothing to do with the effective date of his suspension, which ended on August 20, 1992. Accordingly, we affirm the administrative judge's ruling that the Board lacked jurisdiction to review Lynch's suspension.
 
 
 5
 Petitioner also contends that the agency's conduct during the litigation and the MSPB's process violated his constitutional right to due process of law and constituted harmful procedural error. We cannot agree. That the administrative judge required the agency to submit successive documentation relevant to the suspension over an extended period of time does not rise to the level of a constitutional violation of due process. It was entirely within the administrative judge's discretion when to order production of particular documents. Section 1201.41(b)(10) of title five of the Code of Federal Regulations provides that an MSPB administrative judge possesses wide discretion concerning the production of relevant evidence. Moreover, contrary to Lynch's allegations, which are not supported by any evidence, these delayed requests for documents did not harm petitioner because he was given the opportunity to respond and introduce new evidence.
 
 
 6
 Lynch further argues that the administrative judge erred by not at least granting Lynch a hearing on the issue of the Board's jurisdiction over the suspension action. Given that the petitioner failed to proffer even the minimum amount of evidence necessary to raise a genuine issue of fact concerning the duration of the suspension, we conclude it was entirely within the administrative judge's discretion to deny a hearing on the Board's jurisdiction over the suspension action.
 
 
 7
 Finally, petitioner argues that the administrative judge erred by concluding that the Board lacked jurisdiction over Lynch's reassignment, even though Lynch experienced no loss of grade or pay as a result of the reassignment. We noted in Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983), that reassignments without loss of grade or pay are not appealable. Moreover, 5 C.F.R. Sec. 351.201(a)(2) provides that an agency is only required to follow reduction-in-force (RIF) procedures, which include the right to a hearing, when
 
 
 8
 it releases a competing employee from his or her competitive level by furlough for more than 30 days, separation, demotion, or reassignment requiring displacement, when the release is required because of * * * reorganization * * *.
 
 
 9
 Here, the petitioner was not released from his competitive level for more than 30 days, separated, demoted or reassigned with an accompanying displacement. Therefore, the ruling that the Board lacked jurisdiction over Lynch's reassignment was entirely appropriate.
 
 
 10
 We have considered petitioner's other arguments which are without merit.