64 F.3d 678
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence LEISER, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 95-3064.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Oct 30, 1995.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lawrence Leiser petitions for review of a final decision of the Merit Systems Protection Board, which dismissed his appeal for lack of jurisdiction. 64 M.S.P.R. 543 (1994). We affirm.
 
 
 2
 28 U.S.C. Sec. 542 (1988) provides that the Attorney General "may appoint one or more assistant United States attorneys in any district" and that each of them is "subject to removal by the Attorney General." As the board observed, the United States Attorneys' Manual, which is promulgated by the Executive Office for U.S. Attorneys pursuant to 28 C.F.R. Sec. 0.22(b), sets out the delegated authority and rules for operation of U.S. Attorneys' Offices. Though not law or regulation, the manual interprets the statutory authority of the Attorney General under 28 U.S.C. Sec. 542. It was under the policy and interpretation of authority contained in the manual that the agency officials who initially recommended Leiser for, and assigned him to, the supervisory position acted.
 
 
 3
 The edition of the U.S. Attorneys' Manual in effect when Leiser was assigned to supervisory duties stated that "New Presidentially-appointed U.S. Attorneys are permitted to choose their own ... supervisory Assistant U.S. Attorneys" and that "[p]ersons holding such positions will normally be moved to another position within the office." United States Attorneys' Manual 99 (Oct. 1, 1988 ed.). The manual differentiates between supervisory positions, which are subject to assignment and reassignment with concomitant temporary increases and decreases in pay, from Assistant U.S. Attorney positions. Assistant U.S. Attorneys enjoyed the right to appeal adverse removal actions within the agency even before Congress extended board appeal rights to excepted service employees. Id.
 
 
 4
 These provisions were not secret. When Leiser was assigned supervisory duties in 1989, it is undisputed that the U.S. Attorney recommending the assignment, as well as the Executive Office for U.S. Attorneys, knew the assignment was subject to the power of a subsequent U.S. Attorney to reassign him to non-supervisory duties. He was assigned temporary duties subject to the power of the incumbent U.S. Attorney to appoint supervisors of their own choosing. This was not a permanent appointment or a change in "grade" as that term is used in 5 U.S.C. Sec. 7512, but was a temporary assignment to specific tasks or responsibilities within the same rank, level, or grade in which the employee was previously serving. Although Leiser received an increase in salary along with his increased responsibilities, that by itself does not mean the assignment was other than temporary. At that time, supervisors were not eligible to receive more than the capped maximum pay for Assistant U.S. Attorneys. Leiser, in fact, did not receive a normal 6% supervisory pay adjustment, because that adjustment would have taken his pay beyond the maximum for his permanent position, Assistant U.S. Attorney.
 
 
 5
 In 1990, Congress enacted the Civil Service Due Process Amendments, P.L. 101-376, 104 Stat. 461 (1990), which gave specific excepted service employees* the right to appeal adverse personnel actions. Determining precisely the rights provided to Assistant U.S. Attorneys by the Due Process Amendments, however, is problematic because of the broad language of 28 U.S.C. Sec. 542 which gives the Attorney General great discretion in appointing and removing Assistant U.S. Attorneys.** Here, however, the agency does not contest that Assistant U.S. Attorneys meeting the criteria of 5 U.S.C. Sec. 7511(a)(1)(C) may appeal adverse actions enumerated under 5 U.S.C. Sec. 7512. It merely disputes Leiser's claim that his reassignment to non-supervisory duties is an appealable action.
 
 
 6
 Before Congress passed the Due Process Amendments, the agency instituted removal actions against Assistant U.S. Attorneys only for good cause and the actions were taken pursuant to specific agency procedures. U.S. Attorneys' Manual 99. Since the Due Process Amendments became law, Assistant U.S. Attorneys have the right to appeal adverse removal actions, as well other actions listed in 5 U.S.C. Sec. 7512, to the Merit Systems Protection Board. Reassignment from a supervisory Assistant U.S. Attorney position was not an adverse action before the Due Process Amendments, and after they were enacted, the agency continued its policy of appointing Assistant U.S. Attorneys to temporary supervisory positions by complying with then applicable Office of Personnel Management (OPM) regulations.
 
 
 7
 On January 30, 1991, Leiser received a pay increase under the agency's new supervisory pay schedule. The accompanying documentation said his supervisory position was only temporary and that he was entitled to the higher pay only while he held the assignment. This statement complied with OPM regulations for temporary promotions and pay increases, which requires an agency to notify an employee that an increase in pay or grade is only temporary. 5 C.F.R. Sec. 752.401(b)(12). Leiser signed a statement acknowledging the temporary nature of the supervisory position.
 
 
 8
 Leiser now asserts that this 1991 pay increase was a sham transaction by which the agency attempted to avoid the Due Process Amendments. He proceeds from the assumption that his 1989 assignment to a supervisory position was a permanent appointment. He then argues that the 1991 pay transaction could not convert the permanent position into a temporary one because it would violate the policy behind the Due Process Amendments.
 
 
 9
 This is incorrect. As explained, supervisory positions were not permanent before the Due Process Amendments. Neither the Executive Office for U.S. Attorneys nor the district U.S. Attorneys could make the positions permanent absent a change in agency policy. As shown by the prior agency manuals, the supervisory positions were temporary and each supervisor was subject to removal by a newly appointed U.S. attorney. The procedures which the agency subsequently developed to conform its practices to the Due Process Amendments were entirely legal and in accordance with OPM regulations. The 1991 pay transaction merely conformed the agency practice of appointing temporary supervisors to the OPM regulations for temporary appointments to which the agency considered itself subject.
 
 
 10
 We decline to intervene in management decisions absent some clear congressional directive to do so. Nor may we interpret the Due Process Amendments as creating a permanent position, along with rights of appeal, when the agency clearly intended a temporary assignment of duties and responsibilities pursuant to the Attorney General's power under 28 U.S.C. Sec. 542. Cf. Thomas v. United States, 709 F.2d 48 (Fed.Cir.1993) (reassignment from position of Supervisory Contract Specialist to position of Contract Specialist was not within board's jurisdiction). Leiser did not allege an appealable adverse action and the board did not have jurisdiction to hear his appeal.
 
 
 
 *
 The Due Process Amendments, expanded the definition of an "employee" entitled to the appeal rights provided by Chapter 75 of Title 5 of the U.S.Code to include:
 an individual in the excepted service (other than a preference eligible)--
 (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
 (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.
 5 U.S.C. Sec. 7511(a)(1)(C) (1988 & Supp. V 1993).
 
 
 **
 Like the board, we are not required to decide whether the conflict between 28 U.S.C. Sec. 542 and 5 U.S.C. Sec. 7511(a)(1)(C) deprives the board of jurisdiction over matters involving Assistant U.S. Attorneys generally. See 64 M.S.P.R. at 550 n. *; Weyman v. Department of Justice, 58 M.S.P.R. 509, 513 n. 2 (1993)