**Ralph KNEPP, Elvis Cannon, Richard Gerow, Larry Groves, Mervin Lee, Daniel McLaughlin, and Marvin Richardson, Petitioners,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 82–7259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 1983.

Decided June 24, 1983.

---

Charles A. Hobbie, Washington, D.C., for petitioners.

Richard White, Washington, D.C., for respondent.

Before GOODWIN, TANG and FARRIS, Circuit Judges.

PER CURIAM:

Petitioners are federal civil service employees whose positions were downgraded as a result of a reclassification authorized by 5 U.S.C. § 5107 (Supp. V 1981). Each petitioner was granted grade and pay retention benefits under 5 U.S.C. §§ 5362 and 5363 (Supp. V 1981). Employees covered by

these sections retain their former grade for two years following reclassification and at the end of those two years retain the basic pay of the higher grade position.[1]

Each petitioner appealed the downgrading of his position to the Merit Systems Protection Board (MSPB) under 5 U.S.C. § 7513(d). Relying on *Atwell v. MSPB,* 670 F.2d 272 (D.C.Cir.1981), the MSPB dismissed the appeals for lack of subject matter jurisdiction. We affirm.

At issue are two arguably inconsistent provisions of the Civil Service Reform Act of 1978 (5 U.S.C. § 5101 *et seq.* (Supp. V 1981)): 5 U.S.C. § 5366 and 5 U.S.C. § 7512 (Supp. V 1981).

The relevant part of section 5366(b)(1) provides that "any action which is the basis of an individual's entitlement to [grade and pay retention] benefits" is not appealable to the MSPB. The relevant part of section 7512 provides that adverse actions, including a reduction in grade, are appealable to the MSPB.

Petitioners argue that under section 5366 the unappealable "action which is the basis for the entitlement to benefits" of grade and pay retention is the reclassification of the position. In contrast, they argue, an individual employee's "reduction in grade" is a separate action, and constitutes an "adverse action" that is appealable to the MSPB under section 7512. In other words, petitioners concede that the general reclassification of a position is not appealable, but argue the specific individual's reduction in grade that follows the reclassification is appealable. Like the D.C. Circuit in *Atwell,* we are unpersuaded by this attempted distinction. *See* 670 F.2d at 283. We agree with the thorough and well-reasoned analysis of *Atwell. Atwell* concluded from the language and statutory history of the Act that it was the intent of Congress to preclude appeals of individual downgradings when pay and grade retentions are

1. During the two years of grade retention, pay and fringe benefits such as retirement, life insurance, etc. are computed based on the former (higher) grade. 5 U.S.C. § 5362 (Supp. V 1981).

After two years of grade retention the employee receives the basic rate of pay of the old grade, but this amount may not exceed 150% of the maximum rate of pay of the new (lower) grade. 5 U.S.C. § 5363(b)(2) (Supp. V 1981).

available. We adopt that analysis and conclusion and agree the MSPB properly concluded that it had no jurisdiction to consider petitioners' appeals, based as they were on an "action which is the basis of [their] entitlement" to grade and pay retention benefits. *See* 5 U.S.C. § 5366 (Supp. V 1981).

■ Petitioners argue further that this interpretation of the statutory scheme results in a violation of petitioners' due process and equal protection rights as guaranteed by the Fifth Amendment; that the losses to an employee whose grade is reduced, even with grade and pay retention benefits, constitute a taking of property; that there is no way to establish agency bad faith when a trial-type hearing is unavailable. The arguments raised are the same as those addressed in *Atwell,* 670 F.2d at 286–88; we likewise reject them for the reasons expressed there.

The decisions of the MSPB appealed from are

AFFIRMED.