Genevieve SCHAFFER, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 84–1021.

United States Court of Appeals, Federal Circuit.

Jan. 4, 1985.

 

Courts Oulahan, Washington, D.C., argued, for petitioner.

David Kane, Merit Systems Protection Bd., Washington, D.C., argued, for respondent. With him on the brief were Alan F. Greenwald, Deputy Gen. Counsel and Mary L. Jennings, Associate Gen. Counsel for Litigation, Washington, D.C.

Before FRIEDMAN, MILLER and NIES, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (Board) dismissing the petitioner's appeal from the action of the Department of the Interior in downwardly reclassifying the position the petitioner held with that agency. We *affirm.*

## I

On April 1, 1982, the Department of the Interior informed the petitioner that "as a result of an evaluation of your position and comparison with appropriate Office of Personnel Management Classification Standards," her position with the National Park Service would be reclassified from grade GS–13 to grade GS–11, effective April 18, 1982. The notice stated that the petitioner could appeal her reclassification within the Department or to the Office of Personnel Management (OPM) and that if she chose the former route, she could later appeal to the OPM. The notice further stated that the petitioner was entitled for two years to retain the grade and pay levels of her old position.

The petitioner appealed her reclassification to the Secretary of the Interior. While that appeal was pending, the office to which the petitioner was assigned was abolished. Pursuant to the ensuing reduction in force, the petitioner was removed from the federal service on August 27, 1982. The Secretary then terminated the appeal on the ground that the petitioner "is no longer in the position which was the subject of the appeal." The petitioner appealed to OPM which, on November 8,

1982, rejected the appeal on the same ground. OPM refused to reconsider its decision in a letter the petitioner received on December 7, 1982.

On December 27, 1982, the petitioner appealed to the Board. On February 17, 1983, the presiding official of the Board issued an order noting (1) that although appeals to the Board were required to "be filed ... within 20 calendar days after the effective date of the action appealed," the petitioner's appeal was filed "almost nine months after the effective date," and (2) that the petitioner had "the burden of proving that the action appealed is within the Board's jurisdiction." The presiding official gave the petitioner until March 8, 1983, "to submit any evidence &/or argument she wishes to have considered in this matter." The petitioner did not respond.

In her initial decision, the presiding official dismissed the appeal "for lack of jurisdiction and timeliness."

The petitioner filed with the presiding official a "MOTION TO AMEND INITIAL DECISION." She argued that her appeal to the Board was timely because filed within 20 days of receipt of the OPM letter denying reconsideration of its original rejection of the appeal. She requested the presiding official to amend her decision "by striking therefrom untimeliness as a reason for that Decision."

Since the presiding official had no authority to entertain such a motion, she forwarded it to the Board, which treated it as a petition for review of the initial decision. The Board denied the petition for review in an order containing the following explanation:

> Having fully considered the appellant's petition for review of the initial decision issued on May 6, 1983, and finding that it does not meet the criteria for review set forth at 5 C.F.R. § 1201.115, the Board hereby DENIES the petition.

The Board's order denying review further stated that "[t]he initial decision shall become final five (5) days from the date of this order." 5 C.F.R. § 1201.113(b)." This regulation provides:

> *Petition for review denied.* If the Board denies all petitions for review, the initial decision shall become final five days after issuance of the last denial.

The petitioner also appealed to the Board her removal pursuant to the reduction in force. The presiding official upheld that action, and the Board denied review. *Schaffer & Barnhart v. Department of the Interior,* Docket Nos. PH03518310045 and PH03518310052, August 13, 1984. The petitioner has pending before this court an appeal from that decision of the Board. No. 85–786 (filed Nov. 20, 1984).

## II

■■■■ A. The Board correctly held that it had no jurisdiction over the petitioner's appeal. Under 5 U.S.C. § 5366(b)(1) (1982), an employee's right to appeal a reclassification to OPM does not authorize an appeal where the employee has an "entitlement" to retain for two years the grade and pay of the position formerly occupied. This provision also precludes appeal to the Board of an agency reclassification decision "where pay and grade retention are available." *Atwell v. Merit Systems Protection Board,* 670 F.2d 272, 282 (D.C.Cir. 1981). *Accord, Knepp v. Department of the Navy,* 709 F.2d 37 (9th Cir.1983).

In connection with her reclassification from grade GS–13 to grade GS–11, the petitioner was entitled to retain her grade GS–13 level and its pay for two years. The Board thus had no jurisdiction over her appeal challenging the reclassification. The Board has only that jurisdiction that the pertinent statutes and regulations give it. *Manning v. Merit Systems Protection Board,* 742 F.2d 1424, 1426, 1427 (Fed.Cir. 1984); *Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983). The petitioner has not cited any "law, rule or regulation," 5 U.S.C. §§ 1205(a)(1), 7701(a) (1982), giving the Board jurisdiction over appeals from reclassification decisions of the kind here involved, and we are aware of none.

The petitioner contends, however, that because her employment was terminated

approximately four-and-one-half months after her reclassification through the reduction in force, the Board had jurisdiction over her appeal since she did not retain the grade and pay of her earlier position for two years. The jurisdiction of the Board, however, depends upon whether the employee had an "entitlement" to grade and pay retention, not upon how long she received those emoluments. In other words, the Board's jurisdiction is determined on the basis of the rights the petitioner received when her reclassification was effective and not upon what subsequently happened.

The petitioner's status as a grade GS-13 was terminated in less than two years not because she was denied the right to that status in connection with her reclassification, but because a different event—the reduction in force—terminated her status as an employee. As the petitioner conceded at oral argument, the validity of the reduction in force is not before us in this appeal. That is an issue in the other case that challenges the reduction in force. See p. 1252, *supra.*

The petitioner urges that her reclassification was effected in contemplation and as part of the reduction in force, and that the Board therefore had jurisdiction over her appeal under 5 U.S.C. § 5366(a)(2)(B) (1982), which permits employee appeals of "any reduction-in-force action." The record, however, does not support the factual predicate of this argument that the reclassification was inseparable from the reduction in force.

■ B. The Board also correctly dismissed the appeal on the alternative ground that the appeal to the Board was untimely because it was filed more than eight months after the reclassification.

Although the Board's regulations require a notice of appeal to be filed within 20 days of the effective date of the contested action (5 C.F.R. § 1201.22(b) (1984)), which here was April 18, 1982, the petitioner did not file her appeal until December 7, 1982, almost eight months later.

The petitioner contends that her attempts to appeal, first to the Secretary, and then to OPM, tolled the time for appeal. We have held, however, that the time for appealing a reclassification to the Board runs from the date of the reclassification, not the date upon which the employee's administrative appeals were completed. *Gordy v. Merit Systems Protection Board,* 736 F.2d 1505 (Fed.Cir.1984). Although the Board may waive the 20-day time limit for good cause, the petitioner made no attempt to demonstrate such cause when the presiding official called the petitioner's attention to the lateness of her appeal and gave her a period within which to respond. The petitioner cannot excuse her delinquency on the ground that she made the point in pretrial proceedings in another case (challenging her dismissal pursuant to the reduction in force) before the same presiding official.

### III

The petitioner challenges the Board's denial of her petition for review of the presiding official's initial decision on the grounds that (A) under the governing statute the Board was required to decide the merits of her appeal and could not decline review because she had not satisfied the Board's requirement for granting review, and (B) in any event, the Board was required to state in detail the reason for its decision. She also contends that (C) the Board (acting through its presiding official) improperly dismissed her appeal without a hearing.

■ A. Under 5 U.S.C. § 7701(a) (1982), an employee "may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule or regulation." Section 7701(b) authorizes the Board to "refer" "any case appealed to it" to a Board employee it has "designated ... to hear such cases." Section 7701(e)(1) provides, with an exception not applicable here, that any decision under subsection (b) "shall be final unless—(A) a party to the appeal ... petitions the Board for review ...."

The petitioner contends that under these provisions her right of "appeal to the ... Board" required the Board itself to hear the case. The statute, however, permits the Board to refer any case to a Board employee designated to hear the case. The Board has designated its presiding officials initially to decide employee appeals from adverse agency actions. 5 C.F.R. §§ 1201.-41(b), 1201.111 (1984). In deciding such cases, presiding officials function in accordance with the statute.

By the following regulation the Board has provided for additional review:

> [T]he Board may grant a petition for review [of a presiding official's decision] when it is established that:
>
> (a) New and material evidence is available that, despite due diligence, was not available when the record was closed, or
>
> (b) The decision of the presiding official is based on an erroneous interpretation of statute or regulation.

5 C.F.R. § 1201.115 (1984).

There is nothing in the statute that precludes the Board from limiting its review of initial decisions to cases coming within one of these two categories. The Board has a huge volume of appeals from adverse actions by agencies against employees. If the Board itself were required to review the merits of every case presented to it—as the petitioner apparently would require it to do—it would soon become hopelessly bogged down in an unmanageable load of work.

The Board's present method of review enables the Board to concentrate on the relatively small number of cases that present important and novel legal issues or in which newly discovered evidence warrants further consideration. At the same time the Board's procedures leave it to the presiding officials to adjudicate the large number of routine factual and legal questions that arise in employee appeals. The Board did not abuse its broad discretion to prescribe its own procedures by adopting this system of discretionary review of its presiding officials' initial decisions.

■ B. The language the Board used in denying review is a standard formulation the Board customarily employs in most of the cases in which it denies review. The petitioner objects that the Board was required to do more and to explain in detail why it rejected each of the grounds upon which the petitioner sought reversal of the presiding examiner's decision. Since in her "MOTION TO AMEND INITIAL DECISION" the petitioner challenged only the presiding official's determination that her appeal was untimely but not the alternative ground of decision that the Board had no jurisdiction over her appeal, the focus of the merits of her appeal is narrow.

The Board properly utilizes this procedure in disposing of those appeals in which it discerns nothing warranting plenary consideration. The Board's order explained why it denied review. It did so because the petition for review did not "meet the criteria for review set forth" in 5 C.F.R. § 1201.115, quoted above.

Although the petitioner may disagree with the initial decision, the latter adequately explained the reasons why the presiding official dismissed the appeal. The presiding official's discussion of the issues in the case enables us to perform our statutory review function.

■ C. There were no factual issues relating to either the jurisdiction of the Board to hear the case or the untimeliness of the petitioner's appeal to the agency. In that situation the petitioner was not entitled to a hearing. *Rose v. Department of Health and Human Services*, 721 F.2d 355, 357 (Fed.Cir.1983).

The decision of the Merit Systems Protection Board dismissing the petitioner's appeal is affirmed.

AFFIRMED.