826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger B. KOWIESKI, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 87-3079.
 United States Court of Appeals, Federal Circuit.
 July 10, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket Nos. NY03518610475 and NY34438610472, dismissing Roger B. Kowieski's appeal challenging the Federal Emergency Management Agency's (agency's) alleged reduction in grade and reduction in force, is affirmed.
 
 OPINION
 
 2
 Having considered Kowieski's arguments, this court nevertheless has concluded that Kowieski has failed to sustain his burden of establishing that the board has jurisdiction over his appeal. See 5 C.F.R. Sec. 1201.56(a)(2). The board correctly held that a reclassification downward is not an appealable action where, as here, the employee has an "entitlement" to retain for two years the grade and pay of the position formerly occupied. See Schaffer v. Merit Systems Protection Board, 751 F.2d 1250, 1252 (Fed.Cir.1985). The board also correctly held that downgrade reclassification was not within the board's jurisdiction as a reduction-in-force appeal, Kowieski having never challenged the merits of the reduction in force which the record establishes was for lack of funds and not a reflection on Kowieski's performance or conduct.
 
 
 3
 Kowieski's argument that his reclassification was in contemplation and as part of the reduction in force and thus is appealable under 5 U.S.C. Sec. 5366(a)(2)(B) is without merit, the record providing little if any support for linking the reclassification and the reduction in force. Though less than a month separated Kowieski's reclassification and the reduction in force, that is in itself insufficient in this case to provide the necessary nexus. See Schaffer, 751 F.2d at 1253. Lastly, because the board has no otherwise appealable action before it, Kowieski cannot challenge before the board his reassignment. See Manning v. Merit Systems Protection Board, 742 F.2d 1424, 1427 (Fed.Cir.1984).
 
 
 4
 We affirm the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).