833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brian E. FLESCHER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3463.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1987.
 
 Before FRIEDMAN, EDWARD S. SMITH, and MAYER, Circuit Judges.
 DECISION
 EDWARD S. SMITH, Circuit Judge.
 
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on May 15, 1987, docket No. DE07528610394, sustaining the United States Postal Service's (agency) removal of Brian E. Flescher (Flescher) from his position as a city letter carrier, PS-5, at the Casas Adobes Station in Tucson, Arizona, is affirmed.
 
 OPINION
 
 2
 Flescher was charged by the agency with four separate employment related offenses: (1) failure to follow instructions; (2) absence without leave; (3) insubordination (rude, discourteous, and intimidating language); and (4) providing false information on a CA-17 (Duty Status Report). The agency, on the basis of its determination that these charges were proved and that all four of these charges were of such serious nature to warrant his removal, concluded that Flescher's removal from his position as a city letter carrier was the appropriate penalty for his misconduct. In accordance with the proper procedures, Flescher appealed his removal to the board.
 
 
 3
 The administrative judge, in the initial decision of the board, dated October 29, 1986, determined that the agency had proved, by a preponderance of the evidence, the first three of the charges against Flescher. However, the administrative judge, failing to find that the fourth charge, providing false information on a CA-17, was supported by a preponderance of the evidence, dismissed this allegation. Notwithstanding that the fourth charge against Flescher was dismissed, the administrative judge determined that the remaining three charges supported Flescher's removal.
 
 
 4
 Subsequent to receiving the board's initial decision, Flescher filed with the board a petition for administrative review of that decision. Pursuant to an order, dated May 15, 1987, the board denied Flescher's petition. At this time, the initial decision of the board became final and Flescher had 30 days from the receipt of the board's order in which to file with this court a petition for judicial review. On June 18, 1987, Flescher timely petitioned this court for judicial review of the board's decision.
 
 
 5
 Concurrent to filing with this court his petition for judicial review of the board's decision, Flescher initiated a series of repeated filings with the board of petitions to reopen and for reconsideration of the board's decision sustaining Flescher's removal from his position as a city letter carrier. The first petition, filed on June 10, 1987, was captioned "Petition for Stay of Final Order; Petition to Reopen and for Reconsideration." The second petition, filed July 6, 1987, was captioned "Additional Petition to Reopen and for Reconsideration." The third petition, filed September 14, 1987, was captioned "Petition to Reopen and for Reconsideration." The fourth petition, filed September 24, 1987, was captioned "Admendment-Additional [sic] Petition to Reopen and for Reconsideration." For purposes of our review, these additional filings are part of the record and have been considered by us.
 
 
 6
 Flescher submits to us that the board erred by not granting his petition for administrative review of the board's initial decision issued October 29, 1986. The May 15, 1987, order of the board denied Flescher's petition for administrative review on grounds that Flescher's petition did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115 (1986). Flescher contends that, contrary to the board's apparent narrow interpretation of its authority pursuant to section 1201.115 to grant a petition for administrative review, the board is not limited only to the two criteria set forth at section 1201.115; rather, Flescher argues that section 1201.115 merely provides two examples of various situations where a petition for review may be granted. On this basis, Flescher submits that the board misconstrued and misapplied section 1201.115. We disagree.
 
 
 7
 Our review of decisions by the board is limited. We must affirm the board's decision if we conclude that it is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982).
 
 
 8
 It is well settled that the board, pursuant to section 1201.115, has broad discretion to grant or deny a petition for administrative review of an initial decision. The board may grant a petition for review of an initial decision on grounds not falling within the criteria set forth at section 1201.115, Connolly v. United States Department of Justice, 766 F.2d 507, 511 (Fed.Cir.1985); however, there is nothing that precludes the board from limiting its administrative review of initial decisions to cases falling within one of the two criteria. Schaffer v. Merit Systems Protection Board, 751 F.2d 1250, 1254 (Fed.Cir.1985). Accordingly, we agree with Flescher's interpretation of the scope of authority of the board pursuant to section 1201.115 to grant a petition for review; however, we are not persuaded that the board abused its discretion by refusing to grant Flescher's petition for review because the petition failed to meet either criteria set forth at section 1201.115.
 
 
 9
 Turning to the merits of his appeal, Flescher contends that the board erred by sustaining Flescher's removal by the agency from his position as a city letter carrier. Flescher disputes the determinations by the board both that there exists a nexus between his misconduct and the efficiency of the service and that the penalty of removal was reasonable. Notwithstanding Flescher's assertions, after a thorough review of the record as a whole, we must uphold the board's decision sustaining the penalty of removal imposed on Flescher by the agency. We conclude that the board met its obligations of engaging in the proper analysis of the penalty imposed and in considering whether the sustained offenses were enough to justify Flescher's removal. See Kline v. Department of Transportation, 808 F.2d 43, 45 (Fed.Cir.1986); Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).
 
 
 10
 In view of the foregoing, we hold that the decision of the board sustaining Flescher's removal by the agency and the subsequent refusal by the board to grant Flescher's petition for administrative review of the board's decision are supported by substantial evidence and are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).