835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur PERKINS, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 87-3365.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board ("Board"), No. NY07528610462 (MSPB Nov. 3, 1986), affirming the decision of the Veterans Administration to demote Arthur Perkins for having paid another employee $800 to receive a promotion to a supervisory position, is affirmed.
 
 OPINION
 
 2
 Perkins first argues that the Board's denial of his petition for review was arbitrary and capricious because the Board refused to review the merits of his petition. Brief for Petitioner, page 4. This argument is without merit. It is well established that the Board is not required to review on the merits every request for review presented to it. Schaffer v. Merit Sys. Protection Bd., 751 F.2d 1250, 1254 (Fed.Cir.1985) (approving the Board's exercise of wide discretion in determining what the Board should review). Moreover, the "board's authority to review is plenary as to those actions made appealable to it by law." Connolly v. United States Dep't of Justice, 766 F.2d 507, 510 (Fed.Cir.1985) (citing Maddox v. Merit Sys. Protection Bd., 759 F.2d 9 (Fed.Cir.1985)). Accordingly, the Board acted within its discretion in denying appellant's petition for review.
 
 
 3
 Perkins next argues that the Board's decision is unsupported by substantial evidence. However, a careful reading of the record demonstrates that ample evidence supports the Board's conclusion that appellant paid another employee $800 to receive a promotion. It was undisputed that appellant was approached by John Archiopolo, who represented that for a sum of money, he could ensure appellant's promotion to a supervisory position. Additionally, it is undisputed that appellant gave Mr. Archiopolo $800 shortly after being promoted to a supervisory position. The administrative judge carefully considered and properly rejected appellant's defense of coercion. Because substantial evidence supports the judge's findings, appellant's argument is rejected.
 
 
 4
 In conclusion, we affirm since we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982).