837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William C. WOBSCHALL, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 87-3326.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. SF34438610704 (petition for review denied, 32 M.S.P.R. 583 (1987)), dismissing for lack of jurisdiction William C. Wobschall's (Wobschall's) appeal challenging decisions of the Department of Defense concerning Wobschall's grade retention after a reduction in force (RIF), is affirmed.
 
 OPINION
 
 2
 The board's jurisdiction is limited to those areas specifically granted by statute or regulation. Schaffer v. Merit Sys. Protection Bd., 751 F.2d 1250, 1252 (Fed.Cir.1985); 5 U.S.C. Sec. 7701(a); 5 C.F.R. Sec. 1201.3(a). The board has jurisdiction over appeals from demotions because of RIFs, 5 C.F.R. Secs. 351.901, 1201.3(a)(10), but not over appeals from an agency's failure to provide grade and pay retention benefits, 5 U.S.C. Secs. 5362, 5363, 5 C.F.R. Secs. 536.101-.307, after a RIF-related demotion. Darnell v. Department of the Army, 23 M.S.P.R. 530, 531 (1984); Starnes v. Department of the Interior, 6 MSPB 88, 88 (1981).
 
 
 3
 Wobschall acknowledges he is not challenging his RIF-related placement in a WG-6 position. Instead, he challenges the reclassification of his retained grade from WF-00, the grade he held before the RIF, to WG-15, step 5, arguing it resulted in his not receiving retained grade benefits under 5 U.S.C. Sec. 5362.
 
 
 4
 Wobschall has cited no law, rule or regulation that would give the board jurisdiction to review his assigned retained grade, and we are aware of none. See Darnell, 23 M.S.P.R. at 531. Accordingly, we affirm the board's dismissal. See Schaffer, 751 F.2d at 1252-53.