889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Don F. YAMBAW, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 89-3176.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1989.
 
 Before BISSELL, Circuit Judge, BENNETT and EDWARD S. SMITH, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. SE07528810408, affirming the Navy's dismissal of Don F. Yambaw, is affirmed.
 
 OPINION
 
 2
 Yambaw was dismissed by the Pearl Harbor Naval Shipyard for insubordination. He appealed the decision to the Board, and hearings were conducted before an administrative judge. The administrative judge issued an initial decision affirming the Navy's decision to dismiss. Yambaw petitioned the full Board for review of the initial decision. The Board denied Yambaw's petition, stating that it did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115 (1989). The initial decision became final and appealable to this court when the Board denied review. 5 C.F.R. Sec. 1201.113(b) (1989); 5 U.S.C. Sec. 7703 (1988).
 
 
 3
 Yambaw has not appealed the merits of either the initial decision or the final Board decision; rather, Yambaw has appealed only the Board's refusal to review the initial decision. Yambaw's appeal borders on the frivolous.
 
 
 4
 In his brief, Yambaw admits that his petition to the Board for review of the initial decision went beyond the scope of 5 C.F.R. Sec. 1201.115. However, Yambaw states that the Board should have extended its review over the issues raised in his petition.
 
 
 5
 Yambaw argues that the Board's authority to review the initial decisions of its administrative judges goes beyond the criteria set forth in 5 C.F.R. Sec. 1201.115. See, e.g., 5 C.F.R. Sec. 1201.117 (1989). We agree. However, the Board's regulations provide that its review of initial decisions is wholly discretionary. See 5 C.F.R. Sec. 1201.115 ("[T]he Board may grant a petition for review....") (emphasis added); 5 C.F.R. Sec. 1201.117 ("The Board may reopen and reconsider a decision of a presiding official on its own motion at any time....") (emphasis added). Aside from conclusory statements, Yambaw has failed to address the real issue in this appeal; namely, whether the Board abused its discretion in not reviewing the initial decision.*
 
 
 6
 The Board has broad discretion to prescribe its own procedures by adopting its own system for discretionary review of its administrative judges' initial decisions and to limit its review to certain categories of cases defined by regulation. Schaffer v. Merit Systems Protection Board, 751 F.2d 1250, 1254 (Fed.Cir.1985). Yambaw has shown no abuse of the Board's broad discretion. Yambaw argues, in effect, that because the Board had the authority to review the initial decision, but did not exercise that authority, it abused its discretion. However, without more, the mere refusal by the Board to review an initial decision is not an abuse of its broad discretionary review authority.
 
 
 7
 The government argues that Yambaw may not raise on appeal the issue of the Board's refusal to reopen and reconsider the initial decision because Yambaw did not request the Board to reopen. The government correctly states that petitioners generally may not raise new issues on appeal. See Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985); Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). However, Yambaw has appealed not just the Board's refusal to reopen but its refusal to reopen on its own motion. The issue Yambaw has raised on appeal could not have been raised before the Board because Yambaw wanted the Board to act sua sponte. Nevertheless, the government's argument points out the fact that a petitioner would be hard-pressed to show an abuse of discretion in the Board's refusal to sua sponte reopen and reconsider an initial decision, where the petitioner has not himself moved the Board to reconsider the issues.
 
 
 8
 The final decision of the Board affirming Yambaw's dismissal is affirmed.
 
 
 
 *
 We note that Yambaw's brief failed to include a statement of the issues presented for review, as required by Fed.Cir.R. 28. If Yambaw had set forth the real issue in his brief, he may have been alerted to the fact that he needed to address it