991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Burton R. MCNEAL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3387.
 United States Court of Appeals, Federal Circuit.
 March 22, 1993.
 
 Before PAULINE NEWMAN, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.
 BACKGROUND
 PER CURIAM.
 
 
 1
 Burton R. McNeal petitions for review of the November 25, 1991 initial decision of the Administrative Judge (AJ) in Merit Systems Protection Board Docket No. BN 1221910062-C-1. The AJ dismissed, for lack of jurisdiction, Mr. McNeal's petition seeking enforcement of the agreement settling his prior individual right of action appeal (IRA) under the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16 (1989) (WPA). The AJ's decision became the final decision of the Board pursuant to 5 C.F.R. § 1201.113(b) when the full Board denied Mr. McNeal's petition for review. Because we agree with the AJ's conclusion that the Board lacked jurisdiction, we affirm.
 
 FACTS
 
 2
 Mr. McNeal is employed with the Immigration and Naturalization Service as an immigration inspector stationed in Beebe Plain, Vermont. On November 28, 1990, he filed an IRA with the Board in which he complained about the downgrading of his annual performance rating. Mr. McNeal alleged that the downgrading was a reprisal for protected whistleblowing activities. Specifically, he claimed that he had engaged in whistleblowing when, in the context of filing agency grievances, he reported allegedly improper management actions. It was the agency's position that Mr. McNeal was downgraded because he had accumulated a significant and growing backlog with respect to certain of his duties.
 
 
 3
 On February 13, 1991, an agreement settling the IRA appeal was incorporated into the record of the Board proceedings. Thereafter, on July 30, 1991, Mr. McNeal petitioned the Board for enforcement of the settlement agreement. Responding to the enforcement petition, the AJ noted that between the date that she had originally concluded that the Board had jurisdiction in the matter and the date that Mr. McNeal had petitioned for enforcement of the settlement agreement, the Board had decided Fisher v. Dept. of Defense, 47 MSPR 585 (1991). In Fisher, the Board held that the act of reporting alleged improper management actions in internal agency grievances does not constitute whistleblowing under the WPA. Concerned that she might have erred in finding jurisdiction, the AJ asked the parties for argument and evidence as to whether the Board had jurisdiction. After considering the parties' submissions, the AJ issued her initial decision. In it, she concluded that, under Fisher, Mr. McNeal's disclosures to the agency did not constitute whistleblowing and that, consequently, the Board lacked jurisdiction over his IRA and was therefore without authority to enforce the settlement agreement. Accordingly, the AJ dismissed the petition.
 
 DISCUSSION
 
 4
 We review the decision of the Board under a narrow standard. The decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1982).
 
 
 5
 Mr. McNeal makes two contentions. First, he asserts that the Board improperly denied his petition for review of the AJ's initial decision. Second, he argues that the AJ erred as a matter of law in holding that the Board lacked jurisdiction.
 
 
 6
 The first contention requires little discussion. The Board always has discretion to grant or deny a petition for review of an initial decision. Schaffer v. Merit Sys. Protection Bd., 751 F.2d 1250 (Fed.Cir.1985).
 
 
 7
 Turning to Mr. McNeal's second argument, the AJ was correct in holding that the Board was without jurisdiction in this matter. There are two distinct species of whistleblower actions under the WPA: first, those pursuant to 5 U.S.C. § 2302(b)(8), which are based upon alleged agency reprisals for an employee's disclosures of violations of law or mismanagement and waste; and second, those pursuant to 5 U.S.C. § 2302(b)(9), which are based upon alleged agency reprisals against an employee for the exercise of his or her appeal, complaint, or grievance rights. Under 5 U.S.C. § 1221(a), the Board has jurisdiction to hear IRA claims of improper reprisal for whistleblowing under section 2302(b)(8). However, section 1221(a) does not give the Board jurisdiction over IRA claims under 5 U.S.C. § 2302(b)(9). See Spruill v. Merit Systems Protection Board, 978 F.2d 679, 690 (Fed.Cir.1992).
 
 
 8
 The issue, then, is whether the AJ's determination that Mr. McNeal's disclosures were the kind covered by section 2302(b)(9) rather than the kind covered by section 2302(b)(8) is contrary to law or unsupported by substantial evidence. We conclude that it is not. The AJ correctly found Fisher to be controlling, despite the fact that Fisher concerned complaints to the Equal Employment Opportunity Commission (EEOC) rather than agency grievances. Like EEOC complaint procedures, internal grievance procedures are, in the words of section 2302(b)(9), "grievance right[s] granted by any law, rule, or regulation"--vindicating the employee's private interests. Spruill compels the conclusion that an IRA appeal is not available to protect the exercise of such rights.
 
 
 9
 Finally, the AJ's finding that Mr. McNeal's oral disclosures to his supervisor were preliminary actions subsumed in his eventual grievances is supported by substantial evidence. Mr. McNeal's complaint to the supervisor about the practices that he thought improper was the natural precursor to the filing of formal grievances on the same subjects. It was not a separate whistleblowing disclosure.
 
 
 10
 For the reasons stated above, the decision of the Board is affirmed.