31 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael R. DAVIS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 94-3216.
 United States Court of Appeals, Federal Circuit.
 July 25, 1994.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael R. Davis appeals the decision of the Merit Systems Protection Board, No. AT-0351-93-0540-I-1, which became final on January 6, 1994, affirming the Department of the Army's reduction-in-force (RIF) that led to his separation. We affirm.
 
 
 2
 Our review of decisions of the Merit Systems Protection Board (board) is strictly limited by statute. 5 U.S.C. Sec. 7703(c) (1988). We must affirm a board decision unless it is arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence. Id.; Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Davis argues that he has new and material evidence that the board failed to consider when it denied his petition for review of the initial decision of the administrative judge. He now seeks a remand to the board for a decision based on this evidence.
 
 
 3
 To establish that his information was new and material, Davis must show that it was not available before the record was closed despite his exercise of due diligence. He also had to show that it carried sufficient weight to merit an outcome in his favor. Davis has not persuaded us that the information in question is either new or material.
 
 
 4
 He first relies on affidavits describing an agency briefing, which occurred after his separation, where an Army official said that no further RIF would be necessary in the Airborne and Special Operations Test Board until Fiscal Year 1996. Davis suggests that this shows that the agency was in the process of modifying the RIF itself, contradicting the finding of the administrative judge that the RIF was legitimate.
 
 
 5
 The record shows, however, that the agency plan contemplated that three positions were to be cut by early FY 1994, and that no further reductions were called for until FY 1996. This information was available before the RIF occurred, and is entirely consistent with both the evidence offered by Davis and the findings of the administrative judge.
 
 
 6
 Davis next offers the affidavit of Charles Peeler, whose position was also eliminated in the RIF, which purports to contradict evidence relied on by the administrative judge that Peeler suggested his own position for elimination. But the record shows that the government produced documents during discovery that clearly stated its intent to show that Peeler volunteered his position for abolition. When the government did so at the hearing, Davis did not assert unfair surprise or seek a continuance. He had ample opportunity to obtain the affidavit before the close of the record. Because Davis did not meet the "new and material evidence" standard of 5 C.F.R. Sec. 1201.115, the denial of review by the board without further explanation was proper. Schaffer v. Merit Systems Protection Board, 751 F.2d 1250, 1254 (Fed.Cir.1985).