**Rachel J. TRETCHICK, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 97–3085.

United States Court of Appeals, Federal Circuit.

March 24, 1997.

Rachel J. Tretchick, pro se, Hyattsville, MD, submitted the informal brief, for petitioner.

Ho Sik Shin, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., submitted the informal brief, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director.

Before MICHEL, PLAGER, and CLEVENGER, Circuit Judges.

PLAGER, Circuit Judge.

Petitioner, Rachel J. Tretchick, seeks review of a decision of the Merit Systems Protection Board ("Board"), Do. No. DC–0752–96–0370–I–1, dismissing Ms. Tretchick's appeal. We affirm.

## BACKGROUND

Ms. Tretchick occupied the position of Procurement Analyst, GS–14, in the Office of Acquisition and Grant Management, Office of the Secretary, Department of Transportation ("the agency"). While employed with the agency, she filed several grievances against her supervisors and a complaint with the Office of Special Counsel. The nature of those complaints is not material to the present appeal. On June 15, 1995, Ms. Tretchick and the agency entered into a settlement agreement. That agreement provided that

in exchange for dropping her complaints, Ms. Tretchick's employee evaluations would be upgraded to "meritorious." Ms. Tretchick also agreed to tender her resignation in the event she was offered a voluntary severance package. The settlement agreement was a fully integrated document.

Ms. Tretchick requested a voluntary buy-out. The agency agreed and offered her $25,000. Upon learning that the Federal Government would be eliminating substantially more jobs than originally estimated, Ms. Tretchick requested that her voluntary buyout request be withdrawn. According to Ms. Tretchick, the additional displaced federal employees would adversely impact her opportunities for reemployment in the private sector as well as soften the local real estate market. The agency refused to withdraw her resignation "because of the terms set forth in the settlement agreement. . . ." Ms. Tretchick responded by letter dated November 7, 1995 by asserting that the settlement agreement was a "nullity because the agency breached the agreement in July 1995." The alleged breach to which she referred was the agency's failure to provide her with a new, "clean" performance appraisal form instead of the marked-up original, which the agency proffered. Ms. Tretchick believed that the settlement agreement required the agency to provide her with a new performance appraisal form.

Ms. Tretchick's resignation became effective on December 29, 1995. On January 26, 1996, she filed an appeal with the Board alleging that her resignation was an involuntary action. The AJ dismissed her appeal for lack of jurisdiction, concluding that Ms. Tretchick had failed to make a non-frivolous allegation that her resignation was involuntary. The Board declined to review that determination, and it became the final determination of the Board.

## DISCUSSION

■ We must affirm the Board's decision unless it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

(2) obtained without procedures required by law, rule or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1994). The scope of the Board's jurisdiction is a legal question over which we exercise complete and independent jurisdiction. *King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996).

■ The Board has only that jurisdiction conferred on it by Congress. *See Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983). The Board's limited jurisdiction as here applicable is set by a statute, which grants the Board jurisdiction to hear and determine challenges to specific adverse actions of agencies, including removals and four other adverse actions not here involved. 5 U.S.C. § 7512 (1994). It is the appellant's burden to establish the Board's jurisdiction by adequate proof. *See* 5 C.F.R. § 1201.56(a)(2)(i) (1996); *Stern v. Department of the Army,* 699 F.2d 1312, 1314 (Fed.Cir.1983).

■ The Board lacks jurisdiction to hear an appeal from an employee who has voluntarily resigned. *See Cruz v. Department of Navy,* 934 F.2d 1240, 1244 (Fed.Cir. 1991) (in banc). Resignations are presumed to be voluntary. *See Latham v. United States Postal Serv.,* 909 F.2d 500, 502 (Fed. Cir.1990). An employee asserting that his or her resignation was involuntary must show that it was the result of duress, coercion, or misinformation provided by the agency. *See Scharf v. Department of Air Force,* 710 F.2d 1572, 1574 (Fed.Cir.1983); *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584, 587–88 (1975).

■ An employee generally has the right to withdraw her resignation before its effective date. *See* 5 C.F.R. § 715.202(b) (1996). The employee's commitment to resign under the terms of a settlement agreement is a valid reason for an agency to refuse to accept her withdrawal. *See Thomas v. Department of Hous. and Urban Dev.,* 63 M.S.P.R. 649, 656–7 (1994). If the agreement is shown to be invalid or the agency is found to have breached the agreement, however, the agreement may not constitute a valid basis for the

agency to refuse the employee's withdrawal. *Id.*

■ On appeal, as she did before the Board, Ms. Tretchick argues that the agency breached the settlement agreement by not initially providing her with a "clean" performance appraisal. This breach, according to Ms. Tretchick, relieved her of her obligation to perform under the contract because it was a material breach. It is undisputed, however, that the agency did provide Ms. Tretchick with a "clean" copy of her performance appraisal prior to the effective date of her resignation. Thus, even if we were to assume that the contract called for such performance, there was no material breach of the agreement by the agency.

Even assuming the settlement agreement could be read to have required action by the agency that was not immediately forthcoming, the issuance of the "clean" appraisal cured any alleged breach. Ms. Tretchick argued below that *Thomas*, 63 M.S.P.R. at 649 and *Goodwin v. Department of Treasury*, 52 M.S.P.R. 136 (1991), *aff'd*, 983 F.2d 226 (Fed.Cir.1993), suggest a different result. These cases, according to petitioner, give an employee the absolute right to withdraw her resignation in response to a breach. We disagree. Not only do these cases not stand for the proffered proposition, but we doubt the advisability of such a rule. In both cases the employee alleged that the agency breached a settlement agreement by divulging confidential material contained in his personnel record. *See Goodwin*, 52 M.S.P.R. at 138; *Thomas*, 63 M.S.P.R. at 660. The nature of confidential material is such that once divulged the damage is done. Typically, as in these cases, the divulgation occurs in response to a request from a prospective employer. Under those circumstances the agency may not be able to "cure" its alleged breach. Accordingly, a breach may give the employee the right to withdraw her resignation. *See Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574–75 (Fed.Cir.1983); *Thomas*, 63 M.S.P.R. at 657 ("If the memorandum is found to be invalid, or if the agency is found to have breached the memorandum, that agreement will not constitute a valid basis for the agency's refusal to permit the appellant to withdraw his resignation.").

Issuance of a new performance appraisal, however, does not raise the same problem. Failure to adequately clean-up an appraisal can be "cured" by the agency, as was done in this case. Permitting cure when a breach is alleged encourages the agency and the employee to work out their differences. An exception may be called for when the agency categorically refuses to comply with the agreement and such refusal works a hardship on the employee. Such is not this case.

■ Ms. Tretchick argues in the alternative that if the agency did not have to provide her with a "clean" performance appraisal until the effective date of her resignation, the agency nonetheless anticipatorily repudiated the settlement agreement, which relieved her of her obligation to perform. A settlement agreement is a contract. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed.Cir.1988). Accordingly, basic contract principles apply unless precluded by law. *Id.* One such principle is the doctrine of anticipatory repudiation. Under that doctrine,

> When one party to [a] ... contract absolutely refuses to perform his contract, and before the time arrives for performance distinctly and unqualifiedly communicates that refusal to the other party, that other party can, if he choose, treat that refusal as a breach and commence an action at once therefor.

*United States v. Dekonty Corp.*, 922 F.2d 826, 828 (Fed.Cir.1991) (quoting *Dingley v. Oler*, 117 U.S. 490, 499–500, 6 S.Ct. 850, 29 L.Ed. 984 (1886)). However, as stated by the Supreme Court:

> a mere assertion that the party will be unable, or will refuse to perform his contract, is not sufficient; it must be a distinct unequivocal absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise was made....

*Dingley*, 117 U.S. at 503, 6 S.Ct. at 854 (quoting *In re Smoot*, 82 U.S. (15 Wall.) 36, 21 L.Ed. 107 (1872)).

■ Ms. Tretchick relies primarily on two comments allegedly made by agency per-

sonnel. The first occurred when Ms. Tretchick objected to receiving a marked-up copy of her original performance appraisal. In response to her objection, she was allegedly told by an agency personnel specialist to "take it or leave it." The second was made by an attorney-advisor who allegedly told Ms. Tretchick that her demand was "silly." Immediately after the agency's first attempt to provide Ms. Tretchick with the changed appraisal in July 1995, however, the agency substituted new internal pages for her performance appraisal. On October 6, 1995, Ms. Tretchick's supervisor also sent her an e-mail message advising her that he had resolved the problem she had with her performance appraisal. Both took place prior to Ms. Tretchick's attempt to withdraw her resignation on October 18, 1995. The two comments relied on by Ms. Tretchick, individually or collectively, do not rise to the level of an anticipatory repudiation that would excuse Ms. Tretchick's performance, particularly in light of the surrounding circumstances. *See Dekonty*, 922 F.2d at 828.

Because there was no material breach nor an anticipatory repudiation, the settlement agreement remained in force. Accordingly, Ms. Tretchick has not met her burden of proving that the Board's decision to dismiss her appeal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c) (1994). The decision of the Board is therefore

*AFFIRMED.*

### COSTS

Each party to bear its own costs.