**Robert C. ILLSLEY, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRATION, Respondent.**

No. 99–3290.

United States Court of Appeals, Federal Circuit.

Jan. 12, 2001.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

DECISION

PER CURIAM.

Robert C. Illsley petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. *Doyle v. General Servs. Admin.*, 81 M.S.P.R. 591 (1999). In his appeal, Mr. Illsley challenged the General Services Administration's ("GSA's" or "agency's") denial of his request to withdraw from his separation agreement. The Board determined that the agency had a valid reason for denying Mr. Illsley's request to withdraw from the agreement. *Id.* at 597. The Board also determined that Mr. Illsley

had not established that his request was based on extraordinary circumstances, or that denial of his request would result in extreme hardship. *Id.* at 599. Because Mr. Illsley's separation agreement was otherwise voluntary, the Board dismissed his appeal for lack of jurisdiction.[1] We *affirm.*

## DISCUSSION

### I.

The pertinent facts are not in dispute. In compliance with the Federal Workforce Restructuring Act of 1994, Pub.L. No. 103–226, 108 Stat. 111 (1994), GSA conducted several buyout programs to create incentives for employees to voluntarily retire or resign. The programs allowed GSA to reduce the agency's workforce while minimizing the need for involuntary separations. Mr. Illsley was employed by GSA as a building management specialist; he was offered a voluntary separation incentive payment in exchange for his voluntary separation pursuant to the buyout program. The memorandum describing the program advised that employees who elected to participate in the program "will be held to that commitment unless ... [they] can provide management with proof of an extreme hardship or extraordinary circumstances." The letter also warned that "few exceptions will be made."

In June of 1994, Mr. Illsley signed an Employee Separation Agreement, committing to early retirement on December 31, 1994. GSA approved his agreement, but extended his retirement date to March 31, 1997. The agreement stated that Mr. Illsley's decision was "entirely voluntary" and that his consent had not been coerced.

On January 29, 1997, prior to his retirement date, Mr. Illsley told the agency that he wished to withdraw from his buyout commitment. He explained that, at the time he signed the agreement, GSA had announced that his office, the Vermont Field Office, would be relocated to Plattsburg, New York. Mr. Illsley claimed that he chose the buyout to avoid relocation. However, after the separation agreement was signed, GSA cancelled the relocation, making it possible for Mr. Illsley to continue working in Vermont. The agency denied Mr. Illsley's request to withdraw from the agreement, stating that his reasons did not meet the criteria of personal or financial hardship set by the buyout conditions. Mr. Illsley retired with a buyout on March 31, 1997.

On April 17, 1997, Mr. Illsley filed an appeal with the Board, challenging his "constructive removal" by the agency. GSA moved to dismiss the appeal for lack of jurisdiction, based on Mr. Illsley's voluntary buyout commitment. The administrative judge to whom the case was assigned reversed the agency's action on December 30, 1997, finding that GSA had failed to demonstrate a valid reason for denying Mr. Illsley's request to withdraw his retirement before its effective date. *Doyle,* 51 M.S.P.R. at 596. Accordingly, the administrative judge ordered GSA to cancel Mr. Illsley's separation and to retroactively reinstate him as an employee.

GSA filed a petition for review of the initial decision. The full Board granted the petition and issued a final decision on April 26, 1999, reversing the initial

---

1. The scope of the Board's jurisdiction does not extend to cases of voluntary separation. *Tretchick v. Dept. of Transp.,* 109 F.3d 749, 751 (Fed.Cir.1997). However, if an agency wrongfully denies an employee's request to withdraw a resignation, then the resulting separation is deemed involuntary, and the Board has jurisdiction over an appeal of the separation of the employee.

decision. The Board upheld GSA's requirement that an employee seeking to withdraw from a separation agreement establish extreme hardship or extraordinary circumstances in order to be able to do so. Having done so, the Board determined that Mr. Illsley had not satisfied either requirement.

## II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm unless we find the Board's decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

This case is controlled by our decision in *Green v. General Services Administration,* 220 F.3d 1313 (Fed.Cir.2000), which involved the same buyout program that is at issue in this case. In *Green,* we held that GSA's right to refuse a request for withdrawal from a separation agreement is governed by 5 C.F.R. § 715.202(b), which states:

An agency may permit an employee to withdraw his resignation at any time before it has become effective. An agency may decline a request to withdraw only when it has a valid reason and explains that reason to the employee. A valid reason includes, but is not limited to, administrative disruption or the hiring or commitment to hire a replacement.

We pointed out in *Green* that, because an employee who participates in a buyout has at least some control in choosing the effective separation date, there is no difference between the circumstances that control the situation of an employee who signs a separation agreement and one who voluntarily resigns. Thus, the agency needs only a valid reason to deny an employee's request to withdraw his or her resignation.

We concluded in *Green* that the agency's policy of granting withdrawal requests only in cases of extreme hardship or extraordinary circumstances is a valid reason for denying an employee's request to withdraw a resignation. We noted that the Petitioners in *Green* were informed, as Mr. Illsley was informed, that a decision to sign a separation agreement should not be made lightly. We held in *Green* that the limitation on the ability to withdraw was, in effect, a term of the separation agreement, and that the agency therefore "had a valid reason for denying [the Petitioners'] withdrawal requests unless [the Petitioners'] satisfied the agency's requirement." *Id.* at 1317. Finally, we also held in *Green* that the agency had broad discretion under 5 C.F.R. § 715.202(b) in deciding whether an employee had satisfied the hardship requirement and, therefore, in granting or denying requests for withdrawal.

■ Mr. Illsley's circumstances do not meet GSA's standards for extreme hardship or extraordinary circumstances. In *Green,* we held that the agency did not abuse its discretion in denying a withdrawal request because of the employee's asserted value to the agency. We also upheld the agency's decision to deny withdrawal in the case of an employee who experienced changed financial circumstances where the changed circumstances were of the employee's own making. Mr. Illsley's case is no different. The decision not to relocate the Vermont office did not impose extreme hardship on Mr. Illsley, nor can we say that it represented a case of extraordinary circumstances. The decision not to relocate Mr. Illsley's office was a changed circumstance for GSA; it did not amount to a change in Mr. Illsley's personal circumstances. We therefore conclude that the agency did not abuse its

discretion in denying Mr. Illsley's request to withdraw from his separation agreement.

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.