# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MITCH WINE,
        Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
DA-0752-18-0116-X-1

DATE: February 10, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mitch Wine</u>, Mountain View, Arkansas, pro se.

<u>Lindsey Gotkin</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      In a February 20, 2019 compliance initial decision, the administrative judge found the agency in noncompliance with the April 30, 2018 initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissing the appellant's removal appeal as settled.[2] *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-1, Compliance File (CF), Tab 19, Compliance Initial Decision (CID); *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-I-1, Tab 56, Initial Decision (ID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## BACKGROUND

¶2      On April 30, 2018, the administrative judge issued an initial decision dismissing the appellant's removal appeal on the basis of a settlement agreement submitted by the parties. ID at 1-2. As explained below, neither party filed a timely petition for review, and thus the initial decision became the final decision of the Board with respect to the appellant's removal and the entry of the settlement agreement into the record for future enforcement.

¶3      The settlement agreement provided, in relevant part, that the agency would withdraw its original termination memorandum (which removed the appellant for misconduct) and replace it with a memorandum terminating the appellant for inability to perform the essential functions of his position. The agency was further required to restore the appellant's pay and leave balances from the date of his original termination until the date his termination for medical reasons became effective. *See* CID at 4-6. The appellant was required to "unequivocally accept his termination for medical reasons" and waive any appeal, grievance, or other right he might have to contest the termination for medical reasons. *See* CID

---

[2] On November 26, 2021—more than 3 years after issuance of the initial decision, and more than 2 years after issuance of the compliance initial decision underlying the instant compliance referral matter—the appellant petitioned for review of the initial decision. On February 10, 2023, the Board dismissed his petition for review as untimely filed without good cause for the delay. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-I-1, Final Order (Feb. 10, 2023). Thus, the operative decision regarding the parties' settlement obligations remains the April 30, 2018 initial decision dismissing the removal appeal as settled.

at 4-5. Finally, the settlement agreement contained the following language relevant to this petition for enforcement:

> The Agency and the Appellant agree to cooperate with each other when/if the Appellant applies for disability retirement. The Agency specifically agrees to supply a Form 3112B (Supervisor's Statement) that will express the Agency's belief that the Appellant is not able to perform the essential functions of his position due to his medical condition, that it has attempted to accommodate him but cannot do more than it has already done due to his medical condition, and that it has no ability to transfer him to another suitable position due to his medical condition. The Appellant acknowledges that the Agency is not guaranteeing he will be deemed eligible for disability retirement, as that decision is not the Agency's decision to make.

*See* CID at 6.

¶4     On September 19, 2018, the appellant filed this petition for enforcement,[3] primarily alleging that the agency had failed to pay him severance pay and that the revised termination memorandum improperly stated that his removal for medical inability to perform was taken for the efficiency of the service. *See* CID at 7-10.

¶5     On February 20, 2019, the administrative judge issued a compliance initial decision finding the agency partially noncompliant with the settlement agreement. The administrative judge rejected the appellant's claim to severance pay, finding that the settlement agreement did not require such payment. CID at 10. The administrative judge further rejected the appellant's claim that the agency

---

[3] On March 26, 2019, the appellant filed a second petition for enforcement, which the administrative judge dismissed in part and denied in part. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-2, Compliance File, Tab 1, Tab 28, Compliance Initial Decision. On July 1, 2019, the appellant filed a third petition for enforcement, which the administrative judge dismissed. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-3, Compliance File, Tab 1, Tab 13, Compliance Initial Decision. Neither party petitioned for review in either case, and neither is before us in the present matter. The appellant has three other cases pending on petition for review that likewise are not before us in the present matter. *See Wine v. Department of the Interior*, MSPB Docket No. DA-1221-16-0513-W-2; *Wine v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-21-0342-W-1; *Wine v. Department of the Interior*, MSPB Docket No. DA-4324-21-0377-I-1.

violated the settlement agreement through its language in the revised termination memorandum, noting that the Board has held that removal for medical inability to perform the essential functions of one's position promotes the efficiency of the service. CID at 10-11.

¶6 However, the administrative judge found that the agency failed to establish that it fully complied with the cooperation provision set forth above. The administrative judge faulted the agency's cooperation with the appellant's disability retirement application in two respects. First, although the appellant had submitted a disability retirement application to the agency for transmission to the Office of Personnel Management (OPM) on his behalf, the agency had lost the documentation and was unable to confirm that it had transmitted the entire application to OPM. CID at 11-12. The administrative judge found that the agency's handling of the application was "careless and negligent" but not bad-faith noncompliance. CID at 16-17. Second, the administrative judge found that the copy of the Standard Form 3112B (SF-3112B), Supervisor's Statement, that the agency located (apparently as part of the materials the agency had prepared to submit to OPM with the appellant's lost disability retirement application) used language incompatible with the cooperation provision of the settlement agreement. The administrative judge explained that the SF-3112B contained references to the appellant's "unsatisfactory conduct" and that this was at odds with the agreement that the agency provide an SF-3112B that would "express the Agency's belief that the Appellant is not able to perform the essential functions of his position due to his medical condition, that it has attempted to accommodate him but cannot do more than it has already done due to his medical condition, and that it has no ability to transfer him to another suitable position due to his medical condition." CID at 15. The administrative judge found that the language used by the agency breached the settlement agreement, but she did not address whether the breach was material. CID at 16.

¶7    The administrative judge ordered the agency to provide the appellant the following:  a revised SF-3112B eliminating the information that contravened the cooperation provision; a SF-3112D (Agency Certification of Reassignment and Accommodation Efforts) "completed in accordance with the information set out in the parties' settlement agreement"; and a completed copy of SF-3112E (agency-completed Disability Retirement Application Checklist).  CID at 18-19. The administrative judge further instructed the appellant to inform the agency whether he wished to submit his disability retirement application directly, or resubmit it to the agency for transmittal to OPM on his behalf.  CID at 17-18. Finally, the administrative judge directed the parties to work to complete the application and send it to OPM "without further delay," and advised the appellant of the relevant deadline and how to meet it, regardless of whether he submitted his application directly or through the agency and regardless of whether he received completed copies of the forms from the agency.  CID at 18 & n.13.

¶8    In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions.  CID at 19-20; 5 C.F.R. § 1201.183(a)(6)(i).  She also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by March 27, 2019, the date on which the findings of noncompliance would become final unless a petition for review was filed.  CID at 20; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b).  Neither party filed a petition for review of the compliance initial decision with the Board.

¶9    The agency timely filed a statement that it had taken the actions identified in the compliance initial decision, and the appellant's petition for enforcement accordingly was referred to the Board for a final decision on issues of

compliance. *Wine v. Department of Interior*, MSPB Docket No. DA-0752-18-0116-X-1, Compliance Referral File (CRF), Tab 2. The parties subsequently filed multiple pleadings contesting, among other things, the agency's obligations, the scope of the compliance initial decision and its relation to the appellant's other MSPB and non-MSPB litigation, and the outcome of the appellant's disability retirement application. As explained below, we find that the agency cured any material breach of the settlement agreement and that, under the circumstances, the appellant is not entitled to rescission of the settlement agreement.

## ANALYSIS

¶10    A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, [121 M.S.P.R. 299](link), ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id*. When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id*. The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id*.

¶11    Over the course of the compliance referral litigation, the agency submitted an evolving series of pleadings, supported by documentation, noting that it had completed the three forms as ordered by the compliance initial decision; that it had submitted the appellant's completed disability retirement application to OPM on April 26 and 29, 2019, before his 1-year filing deadline expired; that it had attempted to further the success of the appellant's disability retirement application by informing him that OPM wanted him to submit a SF-3107, but the appellant refused to cooperate; and that OPM had approved the appellant's disability retirement application and the appellant was receiving interim benefits

until OPM could finalize his benefits determination. CRF, Tab 1 at 5, Tab 8 at 4,6,10, Tab 13 at 8-14, Tab 19 at 9-13, 16, 21.

¶12 The appellant countered these submissions with claims that the settlement agreement was invalid or unlawful; that the agency unlawfully accessed his medical records to remove him from his job; that the administrative judge should have awarded him interim relief to remedy delays in processing his disability retirement application caused by the agency's actions; that the agency did not cooperate in submitting his disability retirement application, as ordered by the administrative judge; that the agency lied about its communications with OPM and transmitted information to OPM that would doom his disability retirement application; and that OPM's eventual grant of benefits was for a shorter time frame than expected "as a result of the Agency's 'careless' and 'negligent' breach of the settlement agreement." CRF, Tab 6 at 5-6, Tab 7 at 4-5, Tab 9 at 5-6, Tab 16 at 4, Tab 24 at 5. The appellant also made various claims related to his 2016 workers compensation litigation, argued that he was entitled to consequential or compensatory damages, and moved for sanctions against the agency. CRF, Tab 7 at 4-5, 7, Tab 18 at 4-5. Finally, in response to the Board's request that he clarify the relief he sought if he prevailed, he stated that he wished to rescind the settlement agreement and reinstate his removal appeal because the agency did not timely submit his disability retirement application to OPM. CRF, Tab 11, Tab 12 at 4-5.

¶13 Having carefully considered both parties' submissions, we find that the agency has fully complied with its obligations under the settlement agreement and with the instructions in the compliance initial decision. The appellant has not submitted evidence supporting his arguments that the agency failed to cooperate with him, lied to OPM, or otherwise impeded the timely submission and processing of his disability retirement application. By contrast, the agency submitted evidence that it revised the documents in accordance with the administrative judge's instructions and submitted the appellant's disability

retirement application to OPM despite the appellant's lack of cooperation and abusive language and behavior toward agency counsel.  CRF, Tab 1 at 5, Tab 19 at 9-13.   The agency also provided evidence that OPM approved the application. CRF, Tab 19 at 16, 21.   Although the appellant variously insists that the application was untimely filed or that the benefits awarded were for a shorter time frame than expected due to the agency's original failure to submit his application, he has not provided anything to substantiate these claims.   Moreover, the settlement agreement expressly disclaimed any guarantee by the agency that the appellant would be deemed eligible for disability retirement.  *See* CID at 6.  It follows, therefore, that the settlement agreement did not guarantee that the appellant would receive a certain amount in benefits or that the benefits would flow from a certain date.  The appellant has not pointed to any specific error in the agency's portion of the application forms that could have impacted the starting date or amount of his benefits.  Indeed, as the agency pointed out, the appellant himself refused to submit an updated version of the SF-3107 as requested by OPM, and it is not clear what effect, if any, such refusal may have had on his application.  Accordingly, we find that the agency has complied with its obligations.

¶14        Although the appellant seeks to rescind the settlement agreement and reinstate his removal appeal due to the original breach of the agreement, we hold that such relief is inappropriate where, as here, the agency has cured the breach and the appellant has received the full benefit of his bargain.  *See Tretchick v. Department of Transportation*, 109 F.3d 749, 752 (Fed. Cir. 1997) (rejecting suggestion that there is an "absolute right" to rescission in response to a breach and rejecting rescission where any purported breach had been cured); *King v. Department of the Navy*, No. 98-3342, 1999 WL 37406, at *2 (Fed. Cir. Jan. 12,

1999) (unpublished)[4] (affirming denial of rescission where the agency had cured its breach of the settlement agreement 6 years later, and the appellant provided no evidence that she was harmed by the breach or the delay in curing it); *cf. Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381-82 (Fed. Cir. 2007) (finding material breach potentially justifying rescission where "negative statements contained in" the agency forms "prejudiced the disability proceedings" and resulted in denial of benefits). Thus, assuming arguendo that the agency's breach was material— which the administrative judge did not address, and we need not now decide—we find that, as in *Tretchick*, rescission is inappropriate because the agency cured its breach of the agreement and the appellant received all the benefits to which the agreement entitled him. Although it is conceivable that the appellant might have received his disability retirement benefits sooner if the agency had not lost his original application, the settlement agreement did not require that the agency act within a particular time frame. It merely required that the agency cooperate with the appellant "when/if" the appellant applied for disability retirement, which the agency ultimately did, such that the application was granted. This is in contrast to the situation in *Lutz*, 485 F.3d at 1381-82. It is also distinguishable from *Lary v. U.S. Postal Service*, 472 F.3d 1363 (Fed. Cir. 2006), *clarified on denial of rehearing*, 493 F.3d 1355 (Fed. Cir. 2007), in which the agency's failure to provide necessary documents within the specific time frame set by the settlement agreement caused the appellant's disability retirement application to be denied as untimely filed. That is not the case here, where the agency ultimately managed to timely file the application on the appellant's behalf. Moreover, the appellant based his rescission request on his erroneous belief that the agency did not timely submit his application to OPM. CRF, Tab 12 at 4-5. If the appellant believes OPM's annuity calculation is incorrect as to the substance or the starting date of

---

[4] The Board may follow a nonprecedential decision of a court when it finds its reasoning persuasive, as we do here. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 16 n.6.

the benefits, he separately may challenge OPM's decision in accordance with the documentation provided to him by OPM with regard to his appeal rights.[5]

¶15   We deny the appellant's various other claims as outside the scope of this proceeding.  His claim that the agency illegally accessed his medical records was denied in his second compliance proceeding, *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-2, Compliance File, Tab 28, Compliance Initial Decision at 4-6, and the appellant did not seek further review of that decision.  His claims regarding whistleblower reprisal and violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) are before the Board in three separate appeals, as explained above, *supra* ¶ 4 n.3, and are not part of this case.  His attempts to relitigate another forum's denial of his workers compensation benefits likewise are not properly before us and are not relevant to this case.  In light of the disposition reached in this decision, we deny the various motions to strike, for sanctions, for transfer of this matter to a United States district court, and other forms of relief sought by the parties.[6]

¶16   Having found the agency in compliance, we dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[5] We express no opinion on whether any such challenge would be timely.

[6] We deny the appellant's request that Member Leavitt recuse himself on the basis of having "sabotaged" the appellant's whistleblower claims at the Office of Special Counsel.  *See* CRF, Tab 21 at 4.  Member Leavitt was not employed by the Office of Special Counsel during the relevant time frame; and even if he had been, the appellant has offered no specifics regarding the alleged sabotage or other purported conflict of interest.  Although Member Limon has recused himself from this case, his recusal is not related to the appellant's claims of conflict or bias.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.